**CABOT CORPORATION, Plaintiff,**

v.

**WGM SAFETY CORP. and Butts & Ordway, Defendants.**

**Civ. A. No. 82–2291–MC.**

United States District Court, D. Massachusetts.

May 13, 1983.

Karen Lee Turner, John W. Roland, Mogel, Speidel & Roland, Reading, Pa., for defendants.

Gary A. Walpert and John A. Lahive, Jr., Boston, Mass., for Butts & Ordway Co.

Harold Hestnes, Hale & Dorr, Boston, Mass., for plaintiff.

McNAUGHT, District Judge.

This matter came on to be heard on the motion of WGM Safety Corp. (WGM) to dismiss the claims against it due to improper venue and on the plaintiff's motion to consolidate this action with another infringement action pending before this court (C.A. No. 78–3170–Mc).

Based on the essentially uncontroverted affidavit of David Fahrenholt, I find that under 28 U.S.C. § 1400(b) venue is not proper in this judicial district for the plaintiff's claims against WGM.

The statute governing venue in patent actions reads, in pertinent part, as follows:

(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

As alleged by the plaintiff, WGM is a Delaware corporation. The plaintiff has offered nothing to show that WGM is a resident of Massachusetts. In order then for venue in this district to be proper, the "plaintiff must establish that the defendant has *both* committed acts of infringement in

Massachusetts and has a regular place of business in Massachusetts." *Cordis Corp. v. Cardiac Pacemakers,* 599 F.2d 1085, 1086 (1st Cir.1979).

The Fahrenholt affidavit states that WGM has an unincorporated division, Granet, which is located in Massachusetts but which has no connection at all with the ear plugs which are the focus of this suit. I do not read § 1400(b) as requiring that there be some connection between the acts of infringement alleged and the regular and established place of business within this district. The plaintiff, therefore, has made the required showing that the defendant WGM has a regular and established place of business in Massachusetts.

The plaintiff has not met the second requirement of showing that either WGM or its Willson division has committed acts of infringement in Massachusetts. The Fahrenholt affidavit states that the allegedly infringing ear plugs are manufactured in Delaware and shipped to Pennsylvania for packaging. None of the plugs are warehoused in Massachusetts. Sales of the plugs have been made to distributors and to governmental units or agencies, none of which are in Massachusetts. Butts & Ordway, a co-defendant, purchased plugs from a Connecticut distributor and resold them in Massachusetts. Neither WGM, nor Willson, nor Granet has sold any plugs in Massachusetts, according to the Fahrenholt affidavit; in fact, all sales are finalized in Pennsylvania. Sales employees in the field have no authority to bind Willson or WGM, although they may solicit orders. Although Willson has distributed free samples of its plugs in Massachusetts, no sales have occurred in this district, according to Mr. Fahrenholt.

The plaintiff has not offered anything which would rebut the assertions contained in the affidavit of Mr. Fahrenholt. The sale by Butts & Ordway and the distribution of samples by Willson are insufficient to constitute an act of infringement in Massachusetts. The plaintiff has submitted nothing on which I could base a finding of an act of infringement in Massachusetts.

For these reasons, the motion of WGM Safety Corp. to dismiss the plaintiff's claims against it is ALLOWED. The plaintiff's motion to consolidate this action with C.A. No. 78–3170–Mc is DENIED.