**THORN EMI NORTH AMERICA, INCORPORATED, Plaintiff,**

v.

**MICRON TECHNOLOGY, INCORPORATED and Micron Semiconductor, Incorporated, Defendants.**

Civ. A. No. 92–673–RRM.

United States District Court,
D. Delaware.

May 6, 1993.

As Amended May 18, 1993.

Donald F. Parsons, Jr., and Jack B. Blumenfeld, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, James P. Bradley, Dale B. Nixon, Michael Rocco Cannatti, and D. Scott Hemingway, Richards, Medlock & Andrews,

Dallas, TX, Ivan S. Kavrukov, Thomas G. Carulli, and Peter J. Phillips, Cooper & Durham, New York City, for plaintiff.

James F. Burnett, and William J. Marsden, Jr., Potter, Anderson & Corroon, Wilmington, DE, Wayne M. Harding, and Michael T. McLemore, Arnold, White & Durkee, Houston, TX, R.B. Rock, and Kirk R. Hevie, Moffatt, Thomas, Barrett, Rock & Fields, Boise, ID, for defendants.

## AMENDED OPINION

McKELVIE, District Judge.

In this patent case, one of two defendants, Micron Semiconductor, Inc. ("Micron Semi"), has moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to the District of Idaho. The plaintiff, Thorn EMI North America, Inc. ("TENA"), accuses Micron Semi of infringing four of TENA's patents for semiconductor devices. Micron Semi is an Idaho corporation whose only important contacts with the state of Delaware arise from Micron Semi's distributors' sales in Delaware of allegedly infringing devices and Micron Semi's deliveries of six free samples of allegedly infringing products to Delaware customers. This is the Court's decision on Micron Semi's motion.

## FACTS

The plaintiff, TENA, is a Delaware corporation with its principal place of business in Delaware, although it once conducted its business in Colorado. TENA is a holding company that owns and licenses patents, including those allegedly infringed, relating to the design of circuits found on computer chips. The computer chips are made from a semiconducting material which, in brief, allows for the storage and accessibility of memory on the chips. Generally, the patented circuit designs govern how the memory should be stored and processed on the chips.

The defendants are Micron Technology, Inc., a Delaware corporation that has admitted that jurisdiction and venue are proper as to itself, and Micron Technology's wholly owned subsidiary, Micron Semi. Micron Semi manufactures and sells the allegedly infringing devices. Micron Semi's predecessor was a Delaware corporation, created April 10, 1992, that also made, used, and sold allegedly infringing products and generally operated Micron Technology's semiconductor business. It merged with Micron Semi, an Idaho corporation, on August 25, 1992, prior to the events relevant to the disposition of the pending motion.

Micron Semi does not and has not directly sold allegedly infringing devices to Delaware customers. Micron Semi solicits business in Delaware through an exclusive sales representative, Omega Electronic Sales, Inc. ("Omega"), a Pennsylvania corporation. Besides having a sales representative for Delaware, Micron Semi has four distributors, each of which distribute products to Delaware customers. These distributors, Anthem, Pioneer (Micron Semi's designated Delaware distributor), Hull–Mark Electronics Corp., and Hamilton/Avenet Electronics, have sold over $197,000 of allegedly infringing products to Delaware customers. Under the terms of Pioneer's distributor agreement, Pioneer also promotes Micron Semi's products. Micron Semi represents that most, if not all, sales made by its distributors were f.o.b. the distributors' location, in all instances outside Delaware. Omega has not distributed products to Delaware, and there is no evidence that Omega's actions in Delaware have directly resulted in the distribution of products in Delaware. Additionally, Micron Semi admits that it shipped directly (through Omega) to Delaware customers six free samples of allegedly infringing products.

## DISCUSSION

### I. Jurisdiction

The Court employs a two-step process in determining whether it may assert personal jurisdiction over a defendant. First, it must determine whether Delaware's long-arm statute applies. See Fed.R.Civ.P. 4(e) (federal district courts must apply the law of the state in which they sit in order to determine whether to assert personal jurisdiction over an out of state defendant). Second, if the long-arm statute does indeed apply, it must determine whether an assertion of jurisdiction would comport with constitutional notions of due process. *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 293 (3d Cir.), *cert.*

*denied*, 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985); *Applied Biosystems, Inc., v. Cruachem, Ltd.,* 772 F.Supp. 1458 (D.Del.1991); *Sears, Roebuck & Company v. Sears,* 744 F.Supp. 1289, 1291 (D.Del.1990). The burden of showing the existence of personal jurisdiction lies with the plaintiff. *Cruachem,* 772 F.Supp. at 1462; *Sears,* 744 F.Supp. at 1292.

TENA's principle argument is that the Court may assert specific jurisdiction over Micron Semi as a consequence of Micron Semi's transaction of business in Delaware through acts of its representative Omega and its various distributors who sold products to Delaware customers. TENA also seeks, *inter alia,* to have the Court assert personal jurisdiction over Micron Semi as a consequence of Micron Semi's predecessor corporation's activities in Delaware, Micron Semi's execution of contracts to supply things in Delaware through Omega and Micron Semi's distributors, and Micron Semi's inducement of infringement by Omega and Micron Semi's distributors. As the Court concludes that it may assert personal jurisdiction over Micron Semi as a result of the business activities it conducted in Delaware as an Idaho corporation, however, the Court need not discuss these latter arguments.

A. Delaware's long-arm statute

TENA contends that Delaware's long-arm statute extends to Micron Semi pursuant to 10 Del.C. § 3104(c)(1), which provides:

As to a cause of action brought by any person arising from any of the acts enumerate in this section, a court may exercise personal jurisdiction over any nonresident, or his personal representative, who in person or through an agent:

(1) Transacts any business or performs any character of work or performs any services in the state....

Micron Semi does not contend that Omega is not its personal representative; nor does it contend that Omega did not transact business in Delaware. It contends only that there is no nexus between the plaintiff's injuries and Micron Semi's solicitation of business in Delaware through its agent. By implication, it also argues that the sales of products by its distributors and its delivery of free samples do not constitute business transactions in Delaware.

▉ In order to meet the requirements of transacting business under § 3104(c)(1), an act must be directed at residents of the state of Delaware and the protection of its laws. *See Sears,* 744 F.Supp. at 1292. Mere solicitation does not arise to transacting business, nor does the isolated shipment of goods into Delaware. *See Waters v. Deutz Corp.,* 460 A.2d 1332, 1335 (Del.Super.Ct.1983) (mere solicitation insufficient; marketing activities must be sufficiently important such that the foreign corporation would perform similar operations in absence of representative); *Moore v. Little Giant Industries, Inc.,* 513 F.Supp. 1043, 1047 (D.Del.1981) (shipment of ladder into Delaware, where neither solicitation, filing of the purchase order, nor payment occurred in Delaware, does not constitute transacting business); *Cruachem,* 772 F.Supp. at 1467 (isolated incident of shipment of samples not transacting business).

▉ In this case, the shipments of allegedly infringing products by distributors into Delaware and the shipment of free samples are not isolated incidents. They are, rather, part of a general business plan, directed by Micron Semi, to solicit business in Delaware and deliver products to customers in Delaware. The solicitation of business in Delaware in conjunction with the distribution of products in Delaware demonstrates Micron Semi's purposeful availment of the protections of Delaware law. It is of no moment that the sales by distributors may not have directly resulted from Omega's activities. It is sufficient that the solicitations (which Micron Semi admits to have been business transactions), shipment of products, or delivery of free samples are part of this business plan such that each may be considered an act of business within Delaware. *Compare Deutz, supra* (concerted marketing efforts and distribution of five products to Delaware customers by foreign representative amount to "transacting business").

Equally important, as Micron Semi's records showed that sales of allegedly infringing products had been made to Delaware cus-

tomers by its distributors (and that deliveries had been made pursuant to those sales), Micron Semi knew or should have known that its allegedly infringing products were being distributed in Delaware. *Cf. Horne v. Adolph Coors Co.*, 684 F.2d 255 (3d Cir.1982).

In light of the fact that the distribution of allegedly infringing products into Delaware also constitutes a business transaction in Delaware, the Court concludes that the requisite nexus between the defendant's acts and the plaintiff's claimed injuries does in fact exist. As a result of Micron Semi's concerted efforts to market and sell its products to Delaware customers, TENA may have lost over $197,000 of potential revenue. Potential acts of patent infringement plainly arose from Micron Semi's conduct in Delaware.

■ Even if the Court were to disregard all sales to Delaware customers, however, Micron Semi's shipment of free samples nonetheless would suffice to allow Delaware's long-arm to extend to Micron Semi. Micron Semi argues that assuming the shipment of free samples into Delaware constitutes transacting business, no acts of infringement arose from such business. Specifically, it contends that the mere solicitation of business by sending free samples does not amount to making, using, or selling an infringing product under § 271(a) of the Patent Act. 35 U.S.C. § 271(a). Micron Semi cites one case in support of its argument. *Cabot Corporation v. WGM Safety Corp.*, 562 F.Supp. 891, 892 (D.Mass.1983) (distribution of free samples of allegedly infringing earplugs not an act of infringement).

The Court refuses to adopt the logic of *Cabot.* Each delivery of a free sample of a allegedly infringing product is a potential sale lost to the patentee (or its licensee). Viewing ownership of a patent as ownership of the right to exclude, each delivery of a free sample consequently impinges on the patentee's right to exclude others from interfering with the patentee's monopoly on the patented product. A patentee's monopoly would be worthless, for example, if, in an attempt to solicit business, a person delivered free samples to all of the patentee's potential customers. Mere solicitation, in contrast, does not tangibly affect the patentee's monopoly. In

sum, because delivery of free samples of allegedly infringing samples tangibly impinges on the patentee's monopoly rights in a way that ordinary solicitation does not, such delivery must be regarded as "use" of an allegedly infringing product for the purposes of § 271(a). *See Cruachem,* 772 F.Supp. at 1466 ("[M]ailing samples of infringing product may constitute direct patent infringement.")

In addition to determining that Delaware's long-arm reaches Micron Semi under § 3104(c)(1), the Court notes that the foregoing analysis applies similarly under § 3104(c)(3), which allows Delaware to assert jurisdiction over persons or entities who commit torts in Delaware.

### B. Due process

It remains to determine whether the assertion of jurisdiction under § 3104 comports with constitutional due process. Due process requires that sufficient "minimum contacts" exist between the defendant and the forum state to satisfy "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In considering whether jurisdiction may extend to a defendant, courts should primarily consider whether the defendant has purposely availed itself of the forum state's law, *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985); *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958), and whether the defendant reasonably could have anticipated being haled into the courts of the forum state. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291–92, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). Courts should also consider the burden imposed on the defendant by having to litigate in a foreign forum, as well as the interests of the plaintiff and the forum state. *Asahi Metal Industry Co. v. Superior Court of California,* 480 U.S. 102, 114, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987). Specific jurisdiction may ensue, in particular, where a defendant has purposely directed its activities at residents of the forum state, and where the alleged

injuries arise out of those activities. *Burger King,* 471 U.S. at 472, 105 S.Ct. at 2182.

 Applying these factors, the Court concludes that Delaware may constitutionally assert jurisdiction over Micron Semi. Micron Semi did not merely place products in the stream of commerce which it could have foreseen would find their way to Delaware, it also marketed its products through a representative serving as a sales agent in Delaware. *See Asahi,* 480 U.S. at 112, 107 S.Ct. at 1032; *Max Daetwyler,* 762 F.2d at 299–300. Moreover, Micron Semi appears to have known that its products were being distributed in Delaware. *See Horne, supra.* Thus, by marketing products through its sales representative and by selling products to Delaware customers through its agent, Micron Semi purposely directed activity in Delaware and availed itself of Delaware law. In fact, there is some authority for the proposition that Delaware's long-arm could constitutionally reach Micron Semi merely because it allegedly infringed the intellectual property rights of a Delaware resident plaintiff. *See id.* at 259. As it is unclear whether Delaware's long-arm reaches that far, however, the Court need not rely on that broad, but perhaps correct, reading of *Horne.*

From the foregoing discussion concerning the application of Delaware's long-arm statute, it is also clear that TENA's alleged injuries due to alleged infringement of its patents arose from Micron Semi's Delaware directed activity. Finally, the Court concludes that litigating in Delaware would not place such a substantial burden on Micron Semi so as to offend the "traditional notions of fair play and substantial justice." Micron Semi has not shown, for example, that it does not have the resources to fairly litigate this case in Delaware. Moreover, Delaware has an abiding interest in protecting the property rights of its residents.

II. *Venue*

 Micron Semi alternatively seeks transfer of this action to the District of Idaho. For the convenience of parties and witnesses, and in the interest of justice, district courts may transfer any civil action to a district where the action could have been brought. 28 U.S.C. § 1404(a). The decision to transfer lies within the sound discretion of the court. *Norwood v. Kirkpatrick,* 349 U.S. 29, 30, 75 S.Ct. 544, 545, 99 L.Ed. 789 (1955). It is undisputed that this action may have been brought in Idaho.

Micron Semi contends that the balance of convenience favors litigation in Idaho, as most relevant witnesses and documents are to be found in Idaho, the defendant resides in Idaho, and the plaintiff's principal place of business is in Colorado, not Delaware. First, it is apparent that the plaintiff's principal place of business is now Delaware. The Court does not consider the remaining factors to outweigh the plaintiff's legitimate interest in choosing to litigate in this forum.

The Court will issue an Order in accordance with this decision.