SIEMENS AKTIENGESELLSCHAFT
and Siemens Microelectronics,
Inc., Plaintiffs,

v.

LG SEMICON CO., LTD and
LG Semicon America,
Inc., Defendants.

No. Civ.A. 98–514–RRM.

United States District Court,
D. Delaware.

Aug. 24, 1999.

Frederick L. Cottrell, III, Jeffrey L. Moyer, Geoffrey S. Kercsmar, Richards, Layton & Finger, Wilmington, Delaware, Fred H. Bartlit, Jr., Mark E. Ferguson, Mary Szews Moore, Bartlit Beck Herman Palenchar & Scott, Chicago, Illinois, Joseph C. Smith, Jr., Glen E. Summers, Bartlit Beck Herman Palenchar & Scott, Denver, Colorado, for plaintiffs.

Edward M. McNally, Lewis H. Lazarus, John T. Meli, Jr., Morris, James, Hitchens & Williams, Wilmington, Delaware, Alan H. MacPherson, Edward V. Anderson, Justin T. Beck, Skjerven, Morrill, Mac-

Pherson, Franklin & Friel LLP, San Jose, California, for defendants.

**OPINION**

McKELVIE, District Judge.

This is a patent case. The plaintiffs are Siemens Aktiengesellchaft, a German corporation, and its subsidiary, Siemens Microelectronics, Inc., a Delaware corporation with its principal place of business in Cupertino, California (collectively "Siemens"). The defendants are LG Semicon Co., Ltd., a Korean corporation, and its subsidiary, LG Semicon America, Inc., a California corporation with its principal place of business in San Jose, California (collectively "LG Semicon").

On August 28, 1998, Siemens filed a complaint alleging that LG Semicon is infringing Siemens' patents for dynamic random access memory ("DRAM"). LG Semicon moved on September 24, 1998 to dismiss the complaint for lack of personal jurisdiction. This is the court's decision on the motion.

I. *FACTUAL BACKGROUND*

The court draws the following facts from the affidavits, documents and deposition transcripts submitted by the parties.

Siemens is one of two dozen major manufacturers of a semiconductor device known as DRAM. DRAM is a memory chip that is widely used for short term data storage and retrieval. DRAM chips are implanted on printed circuit boards and the resulting memory boards are incorporated in personal computers and other electronic devices. Siemens has eight patents pertaining to DRAM that are at issue in this case.

LG Semicon also designs and manufactures semiconductor memory products, including DRAM chips. LG Semicon manufactures its DRAM chips in Korea. LG Semicon has approximately 10,000 employees worldwide. In 1995, LG Semicon ranked fifth in the world in DRAM production with three billion dollars in sales. From 1995 to 1997, DRAM sales by LG Semicon accounted for approximately 6.6 percent of the worldwide DRAM market.

LG Semicon sells its DRAM chips primarily to large original equipment manufacturers ("OEMs") through its own regional sales representatives and through an independent national distributor, All American Semiconductor, Inc. LG Semicon's OEM customers include Apple, Compaq/DEC, Dell, Gateway, IBM, Hewlett Packard and Sun Microsystems. The OEMs incorporate DRAM chips into personal computers and other electronic devices manufactured and distributed worldwide.

LG Semicon's sales territory in the United States is divided into Western, Central and Eastern regions. LG Semicon has not presented its DRAM chips for sale to any OEMs or other customers in Delaware. LG Semicon has not received or accepted an order for DRAM chips from anyone in Delaware, either directly or through a sales representative.

LG Semicon's distributor, All American, is based in Miami, Florida and has sales offices in 26 cities throughout North America. All American sells LG Semicon's DRAM chips primarily to OEMs and other distributors throughout the United States. As a result of these sales, LG Semicon's DRAM chips become components in memory boards, personal computers and other end products that are assembled by others and are readily available to consumers in Delaware.

After Siemens had filed its complaint, Siemens' representatives purchased memory boards in Delaware that contained DRAM chips manufactured by LG Semicon. It appears that these memory boards were manufactured and sold by third parties outside Delaware who purchased DRAM chips originally produced by LG Semicon.

LG Semicon advertises its products in trade journals and newspapers circulated throughout the United States. LG Semicon also publishes a data book of product

information that it gives to its distributor and sales representatives. In addition, LG Semicon maintains an Internet web site. Users of the web site can view product information and a list of LG Semicon sales representatives. The web site does not allow users to order products.

At the time of the filing of Siemens' complaint, it appears that LG Semicon has not sold DRAM chips in Delaware either directly or indirectly through its distributor or sales representatives.

### A. What is LG Semicon's Position on the Motion to Dismiss?

In its opening brief, defendant LG Semicon argues that Siemens' complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction. First, LG Semicon states that it has not sold any of its semiconductor products or transacted any business in Delaware and that it does not target Delaware residents in its advertising. Second, LG Semicon asserts that it has not entered into any contracts to supply goods or services in Delaware. Third, LG Semicon contends that it has not caused tortious injury in Delaware and that it has no offices or employees in Delaware. Fourth, LG Semicon claims that it does not solicit business in Delaware, that it does not derive substantial revenue from products used or consumed in Delaware and that it has not engaged in continuous or substantial activity in Delaware.

### B. What is Siemens' Position on the Motion to Dismiss?

In its answering brief, Siemens contends that LG Semicon has sufficient contacts to support the exercise of personal jurisdiction over the defendant in Delaware. Siemens points out that LG Semicon's DRAM chips are present in the "stream of commerce" as components of other products, such as memory boards and personal computers, manufactured by LG Semicon's customers. Siemens alleges that the products manufactured by LG Semicon's customers are readily available to consumers in Delaware. Siemens contends that LG

Semicon derives substantial revenue from these sales of DRAM chips outside Delaware that become components of personal computers and other products sold by LG Semicon's customers in Delaware.

Siemens also claims that LG Semicon transacts business in Delaware by using established channels of commerce to indirectly ship its products into Delaware through sales to OEMs and its distributor, All American. Siemens contends that LG Semicon targets Delaware consumers because these sales necessarily lead to the distribution of LG Semicon's DRAM chips throughout the United States.

## II. DISCUSSION

■ Siemens, as plaintiff, bears the burden of establishing that this court may exercise personal jurisdiction over LG Semicon. See Carteret Savings Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). After discovery has begun, the plaintiff "must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n. 9 (3d Cir.1984). The court must accept the plaintiff's proffered evidence as true and it must resolve all disputed facts and draw all reasonable inferences in the plaintiff's favor. Boit v. Gar–Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir.1992); Sears, Roebuck & Co. v. Sears, plc, 744 F.Supp. 1297, 1301 (D.Del.1990).

■ The court applies a two-step analysis to determine whether it can exercise personal jurisdiction over LG Semicon. See Max Daetwyler Corp. v. R. Meyer, 762 F.2d 290, 293 (3d Cir.1985). First, the court must determine whether Delaware's long-arm statute applies. See Fed. R.Civ.P. 4(e) (providing that federal district courts must apply the law of the state in which they sit in order to determine whether to assert personal jurisdiction over an out of state defendant). Second, if the long-arm statute does authorize jurisdiction, then the court must determine

whether an assertion of jurisdiction would comport with constitutional notions of due process. *See Max Daetwyler,* 762 F.2d at 293 (finding that the exercise of jurisdiction "is tested against both constitutional and statutory standards").

The Delaware Supreme Court has stated that Delaware's long-arm statute should be "broadly construed to confer jurisdiction to the maximum extent possible under the due process clause." *LaNuova D & B S.p.A. v. Bowe Co.,* 513 A.2d 764, 768 (Del. 1986). However, the court cannot collapse the long-arm inquiry into the due process inquiry. *Intel Corp. v. Silicon Storage Tech., Inc.,* 20 F.Supp.2d 690, 694 (D.Del. 1998) ("The Delaware Supreme Court has not determined that § 3104(c) is coextensive with federal due process analysis for state long-arm analysis."). Therefore, the court begins its analysis with the Delaware long-arm statute.

A. *Does Delaware's Long–Arm Statute Authorize the Court to Exercise Personal Jurisdiction Over LG Semicon?*

Siemens contends that LG Semicon is subject to jurisdiction under sections 3104(c)(1) and (c)(4) of the Delaware long-arm statute which provide:

(c) As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:

(1) Transacts any business or performs any character of work or service in the State;

. . . . .

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substan-tial revenue from services, or things used or consumed in the State. . . .

10 Del.C. §§ 3104(c)(1) & (c)(4).

1. *Does § 3104(c)(1) authorize the court to exercise jurisdiction over LG Semicon?*

Siemens argues that LG Semicon should be subject to the reach of § 3104(c)(1) because LG Semicon transacts business in Delaware by indirectly shipping its products into Delaware. State courts have interpreted the "transacting business" provision of § 3104(c)(1) as a specific jurisdiction provision that requires a nexus between the cause of action and the conduct used as a basis for jurisdiction. *See LaNuova,* 513 A.2d at 768. Moreover, in order to meet the requirements of § 3104(c)(1), LG Semicon's actions must be directed at residents of Delaware and the protection of Delaware laws. *See Thorn EMI North America Inc. v. Micron Tech., Inc.,* 821 F.Supp. 272, 274 (D.Del.1993) (citing *Sears, Roebuck & Co. v. Sears, plc,* 744 F.Supp. 1289, 1292 (D.Del.1990)). The court conducts a fact-specific inquiry to determine if LG Semicon's actions are sufficiently directed at residents of Delaware to constitute "transacting business" in Delaware under § 3104(c)(1).

Siemens claims that LG Semicon is transacting business in Delaware because LG Semicon's DRAM chips are incorporated into customers' products that are eventually sold in Delaware. In support of its argument, Siemens submitted the affidavits of two individuals who purchased LG Semicon's DRAM chips in Delaware on memory boards manufactured by third parties. Accepting Siemens' proffered evidence as true, the court finds that LG Semicon's DRAM chips are available to Delaware consumers as components of electronic devices sold by LG Semicon's customers. Therefore, the court must determine whether LG Semicon transacts business in Delaware because DRAM chips it manufactures, sells and delivers

outside Delaware reach Delaware indirectly through the stream of commerce.

To "transact business" in Delaware, LG Semicon must "purposefully avail itself of the privileges and benefits of Delaware law." *American Bio Medica Corp. v. Peninsula Drug Analysis Co.*, No. Civ.A. 99–218–SLR, 1999 WL 615175, at *3 (D.Del. Aug.3, 1999); *Computer People, Inc. v. Best Int'l Group, Inc.*, No. Civ.A. 16648, 1999 WL 288119, at *7 (Del.Ch. Apr.27, 1999); *see also Thorn*, 821 F.Supp. at 274 (finding that act must be directed at residents of Delaware and protection of Delaware laws to meet requirements of § 3104(c)(1)). Delaware courts have interpreted § 3104(c)(1) to require that some action by the defendant occur within Delaware. *See United States v. Consolidated Rail Corp.*, 674 F.Supp. 138, 142 (D.Del. 1987) (finding § 3104(c)(1) did not confer jurisdiction over defendant who contracted for the shipment of waste to Delaware because defendant "took no action within the state of Delaware"). Moreover, when a manufacturer transfers title to goods to a third party outside Delaware it is not deemed to have performed an act in Delaware. *See LaNuova*, 513 A.2d at 768 (holding that Delaware court cannot exercise jurisdiction under § 3104(c)(1) when defendant has no general presence in Delaware and its products are sold outside Delaware).

In this case, LG Semicon has not directed its activity toward Delaware. The court finds that the sale of defendant's DRAM chips outside Delaware for use in electronic products sold by other manufacturers in Delaware is not sufficiently directed at residents of Delaware to constitute "transacting business" in Delaware for the purposes of § 3104(c)(1). LG Semicon does not have offices, agents, employees or property in Delaware. LG Semicon has not presented its DRAM chips for sale to any customers in Delaware. Neither LG Semicon nor its distributor All American have sold DRAM chips directly to customers in Delaware. Therefore, the court finds that § 3104(c)(1) of the Dela-

ware long-arm statute is insufficient to confer jurisdiction on LG Semicon.

2. *Does § 3104(c)(4) authorize the court to exercise jurisdiction over LG Semicon?*

Siemens also contends that LG Semicon should be subject to jurisdiction under § 3104(c)(4) because LG Semicon derives substantial revenue from sales of DRAM chips to other manufacturers who incorporate the DRAM chips into electronic products that are sold in Delaware. The Delaware Supreme Court has interpreted § 3104(c)(4) as a general jurisdiction provision, meaning the defendant's contacts with the forum state may be unrelated to the alleged injury. *See LaNuova*, 513 A.2d at 768; *see also Sears*, 744 F.Supp. at 1304. In *Sears*, the court held that "[i]n order to assert general jurisdiction, the defendant's activity in the forum must be continuous and substantial." *Sears*, 744 F.Supp. at 1304.

■ Because LG Semicon's DRAM chips are used by many of the leading manufacturers of personal computers, Siemens reasons that LG Semicon's DRAM chips are used by consumers in Delaware who own personal computers. In addition, Siemens contends that other semiconductor devices manufactured by LG Semicon are used as components of other products that are sold in Delaware by LG Semicon's customers. Siemens estimates that between 1996 and 1998, LG Semicon made nearly two million dollars from the sale of semiconductor devices that became components in other products that were used in Delaware. The court must determine whether by placing its product in a stream of commerce that reaches Delaware, LG Semicon is subject to jurisdiction pursuant to § 3104(c)(4) of the Delaware long-arm statute.

When jurisdiction under § 3104(c)(4) is based on a stream of commerce theory, the Delaware Superior Court has held that the defendant must have an "intent or purpose to serve the Delaware market with their

product." *Boone v. Oy Partek Ab,* 724 A.2d 1150, 1158 (Del.Super.Ct.1997). In *Boone,* factory workers in Delaware brought a products liability action against a Finnish corporation for asbestos exposure. *Id.* at 1153. Although the defendant, Partek, did not distribute or sell asbestos in Delaware, its distributor sold up to 50 tons of asbestos per month in Delaware over a ten year period. *Id.* at 1158. The court held that jurisdiction was proper because the sales of asbestos by Partek's distributor in Delaware exhibited Partek's "intent or purpose" to serve the Delaware market. *Id.*

In this case, LG Semicon has not exhibited an intent or purpose to the serve Delaware market and its sales of DRAM chips outside Delaware do not amount to the continuous and substantial activity that § 3104(c)(4) requires. Unlike the defendant in *Boone,* LG Semicon does not solicit business in Delaware. Neither LG Semicon nor its distributor All American have sold DRAM chips in Delaware. LG Semicon's only contact with Delaware is second hand contact from the sale of DRAM chips to customers who use the chips in electronic devices that are available to Delaware consumers. The court finds that any revenue LG Semicon has generated through sales of DRAM chips to customers outside Delaware whose electronic devices are sold in Delaware is too remote and insubstantial to meet the requirements of § 3104(c)(4).

Neither § 3104(c)(1) nor § 3104(c)(4) of the Delaware long-arm statute authorize this court to exercise jurisdiction over LG Semicon. Therefore, the court need not analyze whether exercising jurisdiction would comport with the Due Process Clause.

The court will issue an Order in accordance with this Opinion.