**KELSEY–HAYES COMPANY, Plaintiff,**

**v.**

**MOTOR WHEEL CORPORATION, Defendant.**

**No. 5:90 CV 36.**

United States District Court,
W.D. Michigan,
Southern Division.

March 25, 1991.

Leonard M. Niehoff, Richard E. Rassel, Butzel Long, Detroit, MI, Richard A. Kaplan, David A. Anderson, Allan J. Sternstein, Jonathan E. Retsky, Robert Steven Mallin, William Brinks Hofer Gilson & Lione, Chicago, IL, and Joseph F. McCarthy, Kelsey–Hayes Co., Romulus, MI, for Kelsey–Hayes Co.

Boyd A. Henderson, Miller, Johnson, Snell & Cummiskey, Grand Rapids, MI, Chester L. Davis, Jr., Robert C. Collins, William J. Waugaman, Linda M. Deschere, Barnes, Kisselle, Raisch, Choate, Whittemore & Hulbert, P.C., and Dennis A. Dettmer, Detroit, MI, for Motor Wheel Corp.

Thomas M. McKinley, Price, Heneveld, Cooper, Dewitt & Litton, Grand Rapids, MI, for arbitrator.

## MEMORANDUM OPINION AND ORDER

ROWLAND, United States Magistrate Judge.

This matter comes before the Court on Motor Wheel Corporation's ("Defendant") *Motion To Compel Production Of Privileged Documents* filed March 14, 1991. Kelsey–Hayes Company ("Plaintiff") filed a response in opposition to Defendant's motion. Defendant's motion is granted as modified by this Court's order.

■ Defendant has charged Kelsey–Hayes Corporation ("Plaintiff") with willful and deliberate infringement of the 4,610,482 patent in suit. Plaintiff has produced the opinion of counsel, Vincent Barker, in a letter dated April 19, 1988 ("Barker opinion"), which Plaintiff relies on in defense of Defendant's willful infringement charge. Defendant contends, therefore, that Plaintiff has waived the attorney/client privilege and work product immunity. Defendant moves this Court for an order compelling Plaintiff to "produce all documents, including attorneys' opinions, memorandums, notes, searches and search results relating in any way to the '482 patent, prior art relating thereto, its validity, infringement or non-infringement, including analysis of the scope and content of the '482 patent, and its application to Kelsey–Hayes full-face wheels and further including, without limitation, all of the documents listed on Plaintiff's Privileged Document List."

■ If a patent is infringed willfully, increased damages may be awarded. *See King Instrument Corp. v. Otari Corp.*, 767 F.2d 853, 866 (Fed.Cir.1985), *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1197, 89 L.Ed.2d 312 (1986). If a potential infringer is aware of another person's patent rights, he has an affirmative duty of due care. That affirmative duty will normally entail the obtaining of competent legal advice of counsel before infringing or continuing to infringe. *Rolls–Royce Limited v. G.T.E. Valeron Corp.*, 800 F.2d 1101, 1109 (Fed.Cir.1986).

■ Although the attorney-client privilege is an important element of our legal system, parties should not be able to manipulate the privilege so as to release only favorable information and withhold anything else. *Technitrol, Inc. v. Digital Equipment Corp.*, 181 U.S.P.Q. 731, 1974 WL 20497 (N.D.Ill. 1974). Where a party asserts reliance on advice of counsel as an element of his defense, the party thereby waives the attorney-client privilege as to all communications to and from counsel [1] concerning the transaction for which counsel's advice was sought. *Pan-*

---

1. One waiver consequently waives the privilege as to all the lawyers working jointly on the matter; there are not numerous privileges between each of the firm's attorneys and the client. *See Fonar Corp. v. Johnson & Johnson*, 227 U.S.P.Q. 886, 887, 1985 WL 186693 (D.Mass.1985).

*tor v. Marshall Field & Co.,* 80 F.R.D. 718, 721 (N.D.Ill.1978); *Handgards, Inc. v. Johnson & Johnson,* 413 F.Supp. 926, 929 (N.D.Cal.1976). The law is well-settled that the underlying rationale is one of "fairness." *Central Soya Co., Inc. v. Geo. A. Hormel & Co.,* 581 F.Supp. 51 (W.D.Okla.1982); *Hercules Inc. v. Exxon Corp.,* 434 F.Supp. 136 (D.Del.1977).

Regarding the scope of the waiver in patent cases, courts generally construe the scope of the subject matter narrowly. *See Fonar Corp. v. Johnson & Johnson,* 227 U.S.P.Q. at 888; *Hercules Inc. v. Exxon Corp.,* 434 F.Supp. at 156. If courts define the scope of waivers too broadly, parties may be deterred from disclosing any documents that may be privileged. Courts, however, must also keep in mind that issues of willful infringement are fact questions determined from the "totality of the circumstances." *See Shiley, Inc. v. Bentley Laboratories, Inc.,* 794 F.2d 1561, 1568 (Fed.Cir.1986). Therefore, courts should fashion their orders compelling the production of privileged documents on a case by case basis and consistent with the principles of fundamental fairness.

There is no question that Plaintiff waived its attorney-client privilege when it produced the Barker opinion letter to Defendant. Thus, Plaintiff is ordered to produce for Defendant documents or other materials used by or prepared by Plaintiff or Plaintiff's counsel which refer to the Barker opinion. Additionally, any other opinions which support, contradict or weaken the Barker opinion, or other evidence which would go to Plaintiff's good faith reliance on the Barker opinion must also be produced by Plaintiff. The order to produce is limited to opinions and materials prepared prior to the date Plaintiff filed this action. The documents or materials shall be produced within seven (7) days from the date of this order.

IT IS SO ORDERED.