**KEY TECHNOLOGY, INC., an Oregon corporation, Plaintiff,**

v.

**SIMCO/RAMIC CORPORATION, an Oregon corporation, Defendant.**

Civ. No. 90–985–FR.

United States District Court, D. Oregon.

July 12, 1991.

---

Don H. Marmaduke, Stuart M. Brown, James C. Loy, Tonkon, Torp, Galen, Marmaduke & Booth, Portland, Or., David P. Roberts, Mark S. Matkin, Wells, St. John & Roberts, P.S., Spokane, Wash., for plaintiff.

E. Joseph Dean, Paul S. Angello, Craig S. Jepson, Stoel Rives Boley Jones & Grey, Portland, Or., for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is the motion (# 76) of plaintiff, Key Technology, Inc. (Key Technology), for an order compelling defendant, Simco/Ramic Corporation (Simco/Ramic), to respond to its Requests for Production No. 1, 3, 7 and 8 and Interrogatory No. 4.

In its complaint, Key Technology claims that Simco/Ramic has infringed U.S. Patents No. 33,357 (patent '357), 4,520,702 (patent '702), and 4,830,180 (patent '180), each of which is held by Key Technology. Key Technology also seeks a declaration that U.S. Patent No. 4,738,175 (patent '175), which is held by Simco/Ramic, is invalid. Simco/Ramic counterclaims that Key Technology is infringing patent '175. The court has granted summary judgment in favor of Simco/Ramic on Key Technology's claims that Simco/Ramic has infringed patent '702 and patent '180. By order dated May 23, 1991, the court granted Simco/Ramic's motion for separate trials on the issues of liability and damages.

## ANALYSIS AND RULING

*Requests for Production of Business Documents*

Key Technology's Interrogatory No. 4 provides:

As to each optical inspection apparatus identified in answer to any previous Interrogatory, specify Simco/Ramic's annual sales figures for the period that Simco/Ramic sold the model, and specify its sales figures for any partial year period not covered by the annual figures. If Simco/Ramic derived income from any such model other than through sales, specify what income was so derived and how, the period of time, the annual in-

**324**

come figures, and any additional partial year figures.

Request for Production No. 7 provides:

Please produce all documents identified in answer to the foregoing Interrogatories Nos. 1–10.

Request for Production No. 8 provides:

Please produce each business plan, sales projection, or market share projection prepared by or for Defendant that relates in any way to the manufacture or sale by Defendant of ODSS, OPTISORT and KROMA–SORT systems.

■ The commercial success of a patented invention is relevant to the issue of the non-obviousness of the patent. *Lindemann Maschinenfabrik GMBH v. American Hoist and Derrick Co.*, 730 F.2d 1452, 1461 (Fed.Cir.1984). Therefore, Key Technology's Interrogatory No. 4 and Request for Production No. 7 are relevant to the claims of Key Technology that Simco/Ramic's patent '175 is invalid based on obviousness. However, the information sought in Interrogatory No. 4 and Requests for Production No. 7 and 8 go beyond relevant information.

Therefore, Key Technology's motion to compel a response to Interrogatory No. 4 and Requests for Production No. 7 and 8 is denied.

*Other Requests*

Key Technology's Request for Production No. 1 provides:

Please produce all documents relating to the design, development, design changes, commercial design, commercial design changes, engineering development, test data, test reports, prior art, prior art reports, patents, sales literature, marketing and promotional literature, service literature, instruction manuals, drawings, and engineering specifications of any Simco/Ramic optical inspection apparatus for food articles, including the Simco/Ramic "OPTISORT" apparatus, the "KROMA–SORT" apparatus and the Optical Defect Scanning System ("ODSS") apparatus.

Request for Production No. 3 provides:

Please produce all documents relating to any prior art search, validity analysis and/or infringement analysis and opinions conducted or prepared by or on behalf of Defendant relating directly or indirectly to the Key Technology patents or patent applications prepared and/or filed by Defendant.

■ Key Technology contends that Simco/Ramic should be compelled to respond to these requests because: 1) the documents requested may contain relevant admissions against interest with regard to the state of the prior art and what Simco/Ramic believes is patentable as well as the technical descriptions of the products of Simco/Ramic that are relevant to the issue of infringement; and 2) the citation of a patent belonging to Key Technology in an application made by Simco/Ramic is relevant to establish that Simco/Ramic had prior knowledge of the patents belonging to Key Technology and willfully infringed those patents.

Simco/Ramic objects to these requests on the grounds of confidentiality, work product privilege, relevance, failure to describe the requested documents with reasonable particularity, attorney-client privilege, and that the production requested is oppressive and unreasonably burdensome.

One patent held by Key Technology and one patent held by Simco/Ramic remain at issue in this suit. The cases cited by Key Technology in support of its request for the file history of pending or abandoned patent applications with any claim relating to any of the patents of Key Technology do not support its motion to compel a response to this broad request. In each of the cases cited by Key Technology, the court granted requests by defendants that were tailored to patents or to abandoned applications for patents that were actually in suit. *See Choat v. Rome Indus.*, 462 F.Supp. 728, 732 (N.D.Ga.1978); *Status Time Corp. v. Sharp Elecs. Corp.*, 95 F.R.D. 27, 28 (S.D.N.Y.1982). The argument of Key Technology that the requested documents may contain admissions with regard to what Simco/Ramic believes is patentable also does not support granting this broad request. Whether or not Simco/Ramic subjectively believed that any product of Key Technology was patentable is irrelevant to the defense of Simco/Ramic that

the patents of Key Technology are not valid.

 Some of the information sought in these requests may be relevant to the claim of Key Technology that Simco/Ramic willfully infringed its patents. Proof of reliance upon competent legal advice is an important element of a defense to a claim for willful infringement. *Underwater Devices Inc. v. Morrison–Knudsen Co.*, 717 F.2d 1380, 1389–90 (Fed.Cir.1983). In *Columbia Cascade Co. v. Interplay Design, Ltd,* Civil No. 90–148–FR, 1990 WL 200099 (D.Or. Dec. 6, 1990), this court recognized that where a party intends to rely on such a defense at trial, the opposing party is entitled to examine that material during pretrial discovery. This case differs from *Columbia Cascade* because the court has bifurcated the issues of liability and of damages for trial. If Key Technology prevails on its claim against Simco/Ramic on the issue of liability, it will be entitled to discovery of the information it seeks in Request for Production No. 3 if Simco/Ramic indicates that it intends to rely on such information during the damages phase of the trial. However, because the court has ordered bifurcation of the issues of liability and damages, discovery of it at this time is premature.

Finally, Key Technology argues that these requests are relevant because they may uncover descriptions of the products of Simco/Ramic that are relevant to the issue of infringement. Although such information is relevant to this dispute, Requests for Production No. 1 and 3 of Key Technology go beyond this relevant information and are too broad for the court to compel Simco/Ramic to respond with respect to patents not at issue in this suit. Therefore, Key Technology's motion to compel a response to its Requests for Production No. 1 and 3 is denied.

## CONCLUSION

Key Technology's motion to compel (# 76) is denied.