**MICRON SEPARATIONS, INC.,**

v.

**PALL CORPORATION.**

**Civ. A. No. 94–11377–WGY.**

United States District Court,
D. Massachusetts.

Jan. 20, 1995.

Steven M. Bauer and Mark K. Schonfeld, Testa, Hurwitz & Thibeault, Boston, MA, for Micron Separations, Inc.

George P. Field, Sarrouf, Tarricone & Flemming, Boston, MA, and H. Michael Hartmann, Leydig, Voit & Mayer, Ltd., Chicago, IL, for Pall Corp.

*MEMORANDUM AND ORDER ON DEFENDANT PALL CORPORATION'S MOTION TO COMPEL DISCOVERY (# 69)*

COLLINGS, United States Magistrate Judge.

## I. INTRODUCTION

There are only two items remaining in dispute respecting Defendant Pall Corporation's [1] Motion to Compel Discovery (# 69). The first relates to the extent to which Micron Separations, Inc.,[2] having raised the defense of reliance on an opinion of counsel to a charge of wilful infringement, must produce documents which otherwise would be protected by the attorney-client privilege and/or work product doctrine codified in Rule 26(b)(3), Fed.R.Civ.P. The second relates to

1. Hereinafter, "Pall".

2. Hereinafter, "MSI".

3. July 8, 1994.

the extent that MSI may refuse to produce copies of documents sent to its customers on the theory that it and its customers were part of a "joint defense."

## II. DOCUMENTS RELATING TO DEFENSE OF ADVICE OF COUNSEL

MSI obtained an opinion letter from one Bruce Jacobs, Esquire, in December, 1991 to the effect that MSI's product did not infringe Pall's patent. MSI represents that it has produced all documents considered by Attorney Jacobs in rendering his opinion. It refuses to produce any correspondence between MSI and Attorney Jacobs after the date of the opinion letter.

Pall's position is that the issue of wilfulness cannot be frozen as of the time of the opinion letter. It argues that it is entitled to any subsequent correspondence between MSI and Attorney Jacobs relating to the opinions expressed and all documents generated before the date of the filing of the instant case [3] which comprise materials and information received by MSI from any other attorney relating to whether or not MSI's product infringes Pall's patent.

When a patent holder such as Pall alleges wilful infringement by another, such as MSI, "... the matter of consequence is the alleged infringer's state of mind." *Thorn EMI North America, Inc. v. Micron Technology, Inc.,* 837 F.Supp. 616, 621 (D.Del., 1993). "Proof of reliance upon competent legal advice is an important defense to a claim for willful infringement." *Key Technology, Inc. v. Simco/Ramic Corporation,* 137 F.R.D. 322, 325 (D.Or., 1991) citing *Underwater Devices Inc. v. Morrison–Knudsen Co.,* 717 F.2d 1380, 1389–90 (Fed.Cir., 1983). However, when such reliance is pleaded, there is a waiver of the attorney-client privilege and work product protection,[4] at least to the extent of all information respecting communications between the client and attorney

4. There is a split of authority, discussed *infra*, as to whether the waiver can extend to "opinion" work product. Rule 26(b)(3), Fed.R.Civ.P.

up until the time the opinion is rendered. *Handgards, Inc. v. Johnson & Johnson,* 413 F.Supp. 926, 929–33 (N.D.Cal., 1976). Thus, at a minimum, Pall:

> ... should be entitled to discover facts relating to when [MSI] sought the advice, what [MSI] knew about [Attorney Jacob's] independence, skill and competence to provide the opinions, what [MSI] knew about the nature and extent of analysis performed by [Attorney Jacobs], and what [MSI] knew or had concluded about the credibility, value, and reasonableness of the opinion.

*Id.*

Accordingly, MSI must produce all copies of all documents which it furnished to Attorney Jacobs and all documents furnished by Attorney Jacobs to MSI at least up until the date on which Attorney Jacobs rendered his opinion.[5]

■ The issue then becomes what of documents passing between Attorney Jacobs and MSI *after* the opinion was rendered and what of documents received by MSI from other counsel commenting on Attorney Jacobs' opinion letter or contradicting or casting doubt upon it. Pall argues that it "... is entitled to inquire into all opinions MSI obtained concerning the Pall patent ... and the bases and *bona fides* thereof." *See* # 98, p. 3. It is somewhat difficult to nail down exactly what MSI's position on this question is. In a letter dated December 23, 1994, counsel for MSI asserts that none of the withheld documents "... contradict or correct the opinion [of Attorney Jacobs]." *See* # 90. In a subsequent filing, MSI seems to argue that the discovery is "... limited to the documentation underlying the opinion." *See* # 104, p. 2.

As indicated, *supra*, an assertion of the defense of advice of counsel results in a waiver of the attorney-client privilege and work product protection. MSI has admittedly waived the attorney-client privilege and work product protection in the instant case. The question is what is the **scope** of that

waiver. *Haglund v. Dow Chemical Corp.,* 35 F.R.Serv.2d 107, 110 (E.D.Cal., 1982).

In my opinion, the scope must of necessity be somewhat broad and is, in fact, a "subject matter" waiver—i.e., a waiver of all communications on the same subject matter. *W.L. Gore & Assoc. v. Tetratec Corp.,* 15 U.S.P.Q.2d 1048, 1051, 1989 WL 144178 (E.D.Pa., 1989) (citations omitted). *See also Mushroom Associates v. Monterey Mushrooms Inc.,* 24 U.S.P.Q.2d 1767, 1770, 1992 WL 442892 (N.D.Cal., 1992) ("The court finds that the defendants have waived the attorney-client privilege with respect to all documents pertaining to the infringement ..."); *Panter v. Marshall Field & Co.,* 80 F.R.D. 718, 720–26 (N.D.Ill., 1978). In the present case, this would include all documents or information which MSI received from any source on the subject matter of whether its product infringed Pall's patent.

The reason for this is simply that when a party is charged with wilful infringement, what is relevant is that party's state of mind during the time when it is taking actions which allegedly infringe the patent. Thus, if MSI received an opinion of counsel subsequent to Attorney Jacobs' opinion which contradicted it, i.e., concluded that the product did infringe the Pall patent, and MSI continued to market its product, it can hardly be argued that a finder of fact could not find that its actions after receiving the later opinion constituted wilful infringement. While that hypothetical presents the clearest case, the same principle would apply if a later opinion cast doubt on the premises or bases of the earlier opinion, or if MSI came into possession of information which contradicted a premise of the earlier opinion.

However, it is important to keep in mind that what is relevant is MSI's state of mind. "Counsel's mental impressions, conclusions, opinions or legal theories are not probative of a [a client's] state of mind unless they have been communicated to that client." *Thorn EMI North America, Inc.,* 837 F.Supp. at 622.

Accordingly, it is my opinion that Pall is entitled to all documents in the possession,

---

**5.** I assume that these materials have been produced. To the extent that they have not been, MSI is ORDERED, pursuant to Rule 37(a)(2), Fed.R.Civ.P., to produce them.

custody and/or control of MSI which are either documents generated by MSI or documents received by MSI up to the date the instant case was filed which relate to the question of whether or not MSI's product infringes Pall's patent. In the circumstances of this litigation, MSI has waived the attorney-client privilege and the work product protection respecting those documents.

■ As indicated, *supra,* at footnote 4, there is an issue of whether a court can ever order disclosure of documents containing "opinion" work product of trial counsel. The issue arises from the last sentence of Rule 26(b)(3), Fed.R.Civ.P., which reads:

> In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

*Id.*

The Supreme Court has declined to decide the issue. *Upjohn v. United States,* 449 U.S. 383, 401–02, 101 S.Ct. 677, 688–89, 66 L.Ed.2d 584 (1981). The Fourth Circuit seems to hold that it is not subject to disclosure. *Duplan Corp. v. Moulinage et Retorderie de Chavanoz,* 509 F.2d 730, 734 (4 Cir., 1974), *cert. denied,* 420 U.S. 997, 95 S.Ct. 1438, 43 L.Ed.2d 680 (1975); *Sandberg v. Virginia Bankshares, Inc.,* 979 F.2d 332, 355 (4 Cir., 1992) ("Opinion work product prepared in anticipation of litigation is absolutely immune from discovery."). However, neither of these cases involved the situation in which the party had asserted as a defense its reliance on the advice of an attorney. One court has applied the *Duplan* holding to such a situation. *Board of Trustees of the Leland Stanford Junior University v. Coulter Corporation,* 118 F.R.D. 532, 534 (S.D.Fla., 1987). The Ninth Circuit takes a different view, writing that " . . . opinion work product may be discovered when the mental impressions are *at issue* in a case and the need for the material is compelling." *Holmgren v. State Farm Mutual Automobile Insurance Co.,* 976 F.2d 573, 577 (9 Cir., 1992) (emphasis in original; citations omitted).

It is interesting to note that a magistrate judge in the Fourth Circuit has concluded that despite the *Duplan* and *Sandberg* holdings, the Fourth Circuit would require disclosure in the situation in which an attorney was to be called by a party as an expert witness at trial. *Vaughan Furniture Co., Inc. v. Featureline Manufacturing, Inc.,* 156 F.R.D. 123, 127–29 (M.D.N.C., 1994). In such a case, the party would waive the protection accorded to opinion work product as "to those documents which the expert reviewed at any time and which would be relevant to the formulation of his expert opinion." *Id.* at 128. To the same effect are *Handgards, Inc.,* 413 F.Supp. at 931 and *Bio–Rad Laboratories, Inc. v. Pharmacia, Inc.,* 130 F.R.D. 116, 122 (N.D.Cal., 1990).

I am unprepared to hold that opinion work product is absolutely immune from disclosure. However, that does not end the inquiry. The Supreme Court has held that before disclosure of opinion work product may be ordered, a "far stronger showing of necessity and unavailability by other means" is required than that for non-opinion work product, which requires a showing only of "substantial need" and "undue hardship." *Upjohn,* 449 U.S. at 401–02, 101 S.Ct. at 688–89. While the Supreme Court was not dealing with a case in which advice of counsel was asserted as a defense, its emphasis on the "far stronger showing" would indicate that a subject matter waiver should not automatically extend to communications between trial counsel and the client. As Magistrate Judge Hamilton noted in the *Mushroom Associates* case, "[r]ecognizing the importance of the work product immunity, the waiver in this case with respect to opinion work product must be strictly construed." *Mushroom Associates,* 24 U.S.P.Q.2d at 1771. I recognize that that statement is followed by a sentence which recites that "[a]ny documents that contain opinion work product pertinent to issues beyond the infringement issue may be redacted." *Mushroom Associates,* 24 U.S.P.Q.2d at 1771. This latter statement can be read as including within the waiver opinion work product of trial counsel on the infringement issue. However, the case does not make clear that trial counsel's documents

were at issue in that case,[6] nor do other cases reaching the same result. *See e.g. Abbott Laboratories v. Baxter Travenol Laboratories,* 676 F.Supp. 831, 832–33 (N.D.Ill., 1987).

The problem is that if the waiver is not limited from all documents "relating to infringement," it may result in an unnecessarily broad invasion of trial counsel's work product. For example, in the instant case in which the only issue to be tried is whether MSI's product infringes Pall's patent, an unlimited waiver of any privilege and protection as to all documents "relating to infringement" would require trial counsel to reveal every document communicated to the client on that subject, including revelation of trial strategy, even if what is being revealed is entirely consistent with the earlier opinion letter and casts no doubt on the validity of the opinions contained in the letter or the bases of those opinions. Is such a disclosure necessary?

The key to resolving the question of the extent to which the waiver should be construed to apply to documents relating to infringement which were generated by present trial counsel and disclosed to the client lies in the purposes behind the rule establishing a waiver. As Magistrate Judge Hamilton wrote in the *Mushroom Associates* case:

> The underlying principle supporting waiver when a party relies upon the advice of counsel defense is fairness. A party should not be allowed to rely on self-serving documents in its defense while withholding **potentially damaging information** under the guise of the attorney-client privilege. *See Handgards, Inc.,* 413 F.Supp. at 929.

*Mushroom Associates,* 24 U.S.P.Q.2d at 1770 (emphasis added).

Similarly, as Judge Zagel wrote in the *Abbott Laboratories* case:

A party claiming good faith reliance upon legal advice could produce three opinions of counsel approving conduct at issue in a law suit and withhold a dozen or more **expressing grave reservations** over its legality. Preservation of privilege in such a case is simply not worth the damage done to truth. *See Weil v. Investment/Indicators,* 647 F.2d 18, 24–25 (9th Cir.1981). *Abbott Laboratories,* 676 F.Supp. at 832 (emphasis added).

■ Surely the waiver extends to any documents communicated to MSI by present trial counsel before suit was filed which contain "potentially damaging information" and/or express "grave reservations" respecting the opinion letter. But I decline to apply the waiver to documents containing the opinion work product of present trial counsel which is solely consistent with the opinion letter and does not in **any way** cast any doubt on the validity of the opinions expressed or the bases for those opinions.

Thus, I will not require disclosure of any documents of trial counsel which were disclosed to MSI if (1) those documents contain the "mental impressions, conclusions, opinions, or legal theories" of MSI's present trial counsel [7] **and** (2) those "mental impressions, conclusions, or legal theories" of present trial counsel are **consistent** with the opinion letter and do not, in any respect, **contradict** the opinion letter or recite facts which **cast doubt** on the opinion letter and/or the bases of the opinions contained in the opinion letter. In weighing the needs of Pall and the interests of MSI, I find, on the facts of this case, that this particular balance best serves the needs of both.[8]

Accordingly, it is ORDERED that Defendant Pall Corporation's Motion to Compel

---

**6.** Magistrate Judge Hamilton refers to what is sought to be compelled as answers to numbered interrogatories and production of documents pursuant to numbered requests. The specific information sought by the interrogatories (except Interrogatory 7 calling for identification of opinions) is not revealed. The documents sought to be compelled are those which had previously been identified but withheld from production on grounds of attorney-client privilege and/or work product protection. What specific documents were withheld is not revealed. *Mushroom Associates,* 24 U.S.P.Q.2d at 1768–9.

**7.** Defined as the law firm or law firms which entered an appearance for MSI at the time the instant suit was commenced.

**8.** I recognize in a case in which there is more than one issue and reliance of the advice of counsel went to only one issue, the waiver would not extend to the other issue. This is why Magistrate Judge Hamilton wrote that "[a]ny documents that contain opinion work product pertinent to issues beyond the infringement issue may be redacted." *Mushroom Associates,* 24 U.S.P.Q.2d at 1771. Another example would be

Discovery (# 69) be, and the same hereby is, ALLOWED to the extent that with one exception stated, *infra,* MSI is ORDERED, pursuant to Rule 37(a)(2), Fed.R.Civ.P., to produce to counsel for Pall all documents within its possession, custody and/or control which refer or pertain to the allegation that MSI's product at issue in this case infringes the Pall patent and which were in MSI's possession, custody and/or control and which came into the possession, custody and/or control of MSI before the date on which the instant action was filed. The exception is that MSI may decline to produce any documents generated by present trial counsel disclosed to it prior to the date on which the instant action was filed which contain the "mental impressions, conclusions, opinions, or legal theories" of MSI's present trial counsel **if and only if** those "mental impressions, conclusions, or legal theories" are **consistent** with the opinion letter issued by Attorney Jacobs in 1991 and do not, in any respect, **contradict** the opinion letter or recite facts or contain any other information which **casts doubt** on the opinion letter and/or the bases of the opinions contained therein.

### III. DOCUMENTS SENT TO THIRD PARTIES

I need not decide whether MSI can rely on the joint defense theory to invoke the attorney-client privilege or work product protection as to documents MSI sent to third parties because there has been a waiver a discussed in Part II, *supra.* If they do not fall within the exception to production which I have set forth, they must be produced pursuant to that Order.

### IV. CONCLUSION

MSI shall comply with the Orders contained herein FORTHWITH.

if the opinion letter was to the effect that the patent was invalid but did not speak to whether or not the patent would be infringed if valid, the waiver would extent only to documents related to the question of validity of the patent, not to whether the patent, if valid, was infringed. *Haglund,* 35 F.R.Serv.2d at 110. ("... waiver of the attorney-client privilege as to one issue does [not] serve as a waiver of the privilege as to all issues.") I agree with MSI that the waiver is not so broad that the subject matter can be said to be "the patent" as was evidently argued in *Haglund,* 35 F.R.Serv.2d at 111.