**SAINT–GOBAIN/NORTON INDUSTRIAL CERAMICS CORPORATION, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, Defendant.**

**Civ. A. No. 94–40059–NMG.**

United States District Court, D. Massachusetts.

April 19, 1995.

Michael P. Angelini, Louis M. Ciavarra, Barry A. Bachrach, Bowditch & Dewey, Worcester, MA, Alan Federbush, Dennis J. Mondolino, Glen M. Diehl, Richard E. Parke, Hopgood, Calimafde, Kalil & Judlowe, New York City, for Saint–Gobain/Norton Industrial Ceramics Corp., plaintiff.

John F. Keenan, Wolfson, Dodson, Kennan & Cotton, Worcester, MA, Edward J. De-Franco, Fish & Neave, Palo Alto, CA, Edward F. Mullowney, Terrence J.P. Kearney, Gabrielle E. Higgins, Thomas L. Secrest, Fish & Neave, New York City, for General Electric, defendant.

**MEMORANDUM AND ORDER**

GORTON, District Judge.

Pending before this Court is a motion by General Electric Company ("GE") to compel the production of documents which Saint–Gobain/Norton Industrial Ceramics Corporation ("Norton") intends to rely upon in defense of GE's charge of willful patent infringement. Norton opposes this motion, and moves to submit certain disputed documents for *in camera* inspection.

## I. FACTUAL BACKGROUND

Norton commenced this action on April 18, 1994 for a declaratory judgment that GE's U.S. Patents Nos. 5,110,579 and 5,273,731 are invalid, unenforceable and not infringed. On June 1, 1994, GE filed an answer in which it denied Norton's averments, and filed a coun-

terclaim that these patents are valid, enforceable and infringed by Norton. GE seeks increased damages because it alleges that Norton's infringement has been willful.

Norton has asserted an advice of counsel defense to GE's charge of willful infringement. In particular, Norton has produced two written opinions (and related documents) of independent patent counsel which state that the patents-in-suit are invalid. Norton contends that these legal opinions supported a good faith belief that its activities did not violate GE's rights, and that this good faith belief provides a defense to the charge of willful infringement.

In its motion to compel, GE argues that Norton must also produce opinions (and related documents) regarding enforceability and infringement of the patents. GE argues that in asserting the advice of counsel defense, Norton waived the attorney-client privilege with respect to all opinions which may show that Norton did not reasonably believe that its actions did not violate GE's rights. Norton responds that the waiver of the privilege is narrow and extends only to the issue of the validity of the patents.

## II. THE LAW OF WILLFUL INFRINGEMENT

■ Whether or not infringement of a patent is willful depends upon the state of mind of the infringer. *Rolls–Royce Limited v. GTE Valeron Corp.,* 800 F.2d 1101, 1109 (Fed.Cir.1986). A finding of willful infringement is to be determined from the totality of the circumstances surrounding the infringement. *Bott v. Four Star Corp.,* 807 F.2d 1567, 1572 (Fed.Cir.1986); *Underwater Devices Inc. v. Morrison–Knudsen Co.,* 717 F.2d 1380 (Fed.Cir.1983). It requires the factfinder to find that clear and convincing evidence shows "that the infringer acted in disregard of the patent ... [and] had no reasonable basis for believing that it had a right to do the acts." *American Medical Systems, Inc. v. Medical Engineering Corp.,* 6 F.3d 1523, 1530 (Fed.Cir.1993), *citing Stickle v. Heublein, Inc.,* 716 F.2d 1550, 1565 (Fed.Cir.1983).

■ Where a potential infringer has actual notice of another's patent rights, he has an affirmative duty "to exercise due care to determine whether or not he is infringing." *Underwater Devices,* 717 F.2d at 1389–90. This affirmative duty includes the duty to seek and obtain competent legal advice from counsel before the initiation or continuation of the possibly infringing activity. *Id.* at 1390.

## III. THE SCOPE OF THE WAIVER

■ When a party asserts an advice of counsel defense, it waives the attorney-client privilege with respect to "all communications to and from counsel concerning the transaction for which counsel's advice was sought." *Kelsey–Hayes Company v. Motor Wheel Corporation,* 155 F.R.D. 170, 171–72 (W.D.Mich. 1991), *citing Handgards, Inc. v. Johnson & Johnson,* 413 F.Supp. 926, 929 (N.D.Cal. 1976) ("The deliberate injection of the advice of counsel defense into a case waives the attorney-client privilege as to communications and documents relating to the advice.").

The basic principle which supports the waiver of the attorney-client privilege here is fairness. Courts have recognized that it would be fundamentally unfair to allow a party to disclose opinions which support its position, and simultaneously conceal those which are adverse. *Mushroom Associates v. Monterey Mushrooms, Inc.,* 24 U.S.P.Q.2d 1767, 1770 (N.D.Cal.1992); *Kelsey–Hayes,* 155 F.R.D. at 172; *Smith v. Alyeska Pipeline Service Co.,* 538 F.Supp. 977, 979 (D.Del. 1982); *Fonar Corporation v. Johnson & Johnson, et al.,* 227 U.S.P.Q. 886, 887, 1985 WL 186693 (D.Mass.1985); *Handgards, Inc.,* 413 F.Supp. at 929.

The disputed issue here is how to define the scope of the waiver of the attorney client privilege. GE contends that by producing opinions of counsel which discussed the validity of the patents in suit, Norton waived the attorney-client privilege with respect to the issues of validity, infringement and enforceability. Norton argues, however, that validity is distinct from infringement and enforceability, and that its waiver of privilege extends to validity only.

Courts have construed the scope of the subject matter to which the waiver applies to be narrow. The concern is that parties in settlement negotiations will be reluctant to share privileged documents if a limited disclosure will expose them to an unanticipated and broad waiver of the attorney-client privilege. That result should be avoided as it could inhibit settlement and prevent the narrowing of issues for trial. *Fonar Corporation,* 227 U.S.P.Q. at 888.

## IV. THE MOTION TO COMPEL

■ In the present case, the opinions offered as a defense to the charge of willful infringement discuss only the validity, or the invalidity, of GE's patents. Consequently, Norton has waived the attorney client privilege with respect to the issue of validity, and shall produce:

1) all opinions regarding the validity of the patents in suit (the two opinions offered as well as any others in existence before the commencement of this lawsuit);

2) all underlying documents which were used in connection with the final opinions and responses to the opinions; and

3) all evidence in its possession relevant to Norton's good faith reliance on the validity opinions of counsel.

Such a ruling is in accordance with several cases which have considered similar issues. *See Fonar Corporation,* 227 U.S.P.Q. 886; *Mushroom Associates,* 24 U.S.P.Q.2d 1767; *Kelsey–Hayes Company,* 155 F.R.D. 170; *Abbott Laboratories v. Baxter Travenol Laboratories, Inc.,* 676 F.Supp. 831 (N.D.Ill. 1987). The Court, however, cautions Norton that while it is not required to disclose privileged documents relating to enforceability and infringement at this time, undisclosed opinion evidence will not be admitted at trial to dispute the charge of willful infringement.

## V. THE MOTION TO SUBMIT DOCUMENTS FOR *IN CAMERA* INSPECTION

■ As part of the motion to compel, GE requests that Norton be required to produce certain transparencies (visual aids) listed on Norton's schedule of privileged documents. According to Norton, these transparencies were created by a Norton employee at the specific direction of in house counsel. (They have been offered for *in camera* inspection). Norton states that they were not shown to or relied upon by outside counsel in connection with advice received, and were not themselves based upon the opinions of outside counsel. Norton asserts that the transparencies are privileged work product of in house counsel prepared in connection with the litigation, and therefore need not be produced.

The key issue in willful infringement, however, is the infringer's state of mind. GE claims that the transparencies are discoverable, whether or not used by outside counsel in formulating an opinion, because they may shed light on Norton's state of mind if they include consideration of Norton's view of the validity of the patents in suit.

To the extent that the transparencies relate to validity opinions of counsel (in house or outside), the work product privilege has been waived. *Mushroom Associates* and *Fonar* both hold that when an advice of counsel defense is asserted, the work-product privilege is waived as to documents discussing the advice in question. The *Mushroom Associates* Court stated:

> The only way plaintiff can attack the defendants' advice of counsel defense is by having access to circumstances and factors surrounding the advice.... All documents containing work product relevant to the infringement issue must be produced. *Mushroom Associates,* 24 U.S.P.Q.2d at 1771.

Consequently, the transparencies shall be disclosed to the extent that they were generated before the filing of the suit, and they:

1) represent opinions of counsel on the issue of validity, and/or

2) go to Norton's good faith reliance (or lack thereof) on validity opinions.

To the extent that the transparencies discuss issues beyond the validity or invalidity of the patents in suit, they may be redacted. *Mushroom Associates,* 24 U.S.P.Q.2d at 1771. The transparencies will not be received for *in camera* inspection at this time.

## ORDER

In light of the foregoing, it is hereby ordered that:

1) GE's motion to compel production of documents is **ALLOWED IN PART** and **DENIED IN PART,** according to Section IV above; and

2) Norton's motion to submit documents for *in camera* inspection is **DENIED.**

SO ORDERED.