System Evergreen v. Concrete Systems   CV-94-484-M    06/10/96

UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


System Evergreen, A.G.;
and Michie Corporation,
     Plaintiffs and Counter-Defendants,

     v.                                     Civil No. 94-484-M

Concrete Systems, Inc.; Cleco Corporation;
and Methuen Construction,
     Defendants and Counter-Claimants.



                          O R D E R


     System Evergreen, A.G. and Michie Corporation (collectively,

"System Evergreen") seek a permanent injunction against Concrete

Systems, Inc., Cleco Corporation, and Methuen Construction Co.,

enjoining them from infringing U.S. Patent No. 4,293,245 (the

"'245 patent").  Concrete Systems manufactures and sells an

earth-filled wall system known as the Eco-Wal.  It sold two Eco-

Wal systems to Methuen Construction which, in turn, sold them to

the State of New Hampshire.  System Evergreen claims that the

Eco-Wal infringes the '245 patent.  Pending before the court is

System Evergreen's motion to continue trial date, extend

discovery, and compel production.

System Evergreen seeks, among other things, an order compelling Leonard Worden (sole shareholder of Concrete Systems and Cleco Corp, but not a named defendant) to produce a written waiver of the attorney-client privilege with regard to discussions he had with his attorney, James Kayden. Attorney Kayden is a patent attorney who has represented both Concrete Systems and Mr. Worden individually. As counsel to Concrete Systems, he issued an opinion letter stating his belief that the Eco-Wal did not infringe the '245 patent. Attorney Kayden also represented Mr. Worden individually, counselling him on matters apparently related to patenting the Eco-Wal.

System Evergreen deposed Attorney Kayden, who discussed the non-infringement opinion letter he issued to Concrete Systems. Citing the attorney-client privilege, however, Attorney Kayden refused to discuss matters related to advice provided to, or discussions with, Mr. Worden in his individual capacity. System Evergreen claims that Mr. Worden has waived the attorney-client privilege. Accordingly, it seeks an order requiring Mr. Worden to confirm that waiver in writing and compelling Attorney Kayden to respond to a number of questions ostensibly protected by that privilege.

## Background

System Evergreen is the assignee of the '245 patent, which was originally issued to Felix Jaecklin on October 6, 1981. The '245 patent contains 27 claims, essentially describing a structural system filled with soil which can be used as a retaining wall or sound barrier. That structure is also apparently designed to support the growth of vegetation, thereby making it both functional and aesthetically pleasing. System Evergreen alleges that defendants have manufactured and sold a product (the Eco-Wal) which infringes the '245 patent. It seeks a permanent injunction and an award of attorneys' fees. Concrete Systems claims that it has not infringed the '245 patent. It also argues that the '245 patent is invalid.

System Evergreen alleges that Concrete Systems' infringement of the '245 patent was not merely inadvert, but willful. As part of its defense, Concrete Systems relies upon the non-infringement opinion letter issued by Attorney Kayden. Concrete Systems produced that letter and did not object to System Evergreen's inquiries of Attorney Kayden with regard to that letter. Attorney Kayden did, however, refuse to answer any questions relating to his representation of Mr. Worden

3

individually, invoking the attorney-client privilege and noting that, to his knowledge, his client had not waived that privilege. Accordingly, Attorney Kayden felt constrained to refuse to answer any questions which delved into that area.

At Mr. Worden's deposition, he too was asked several questions concerning matters he discussed with Attorney Kayden in the context of exploring the patentability of the Eco-Wal. Mr. Worden's counsel objected, asserting that his responses were protected by the attorney-client privilege. After having repeatedly raised the objection, however, counsel permitted Mr. Worden to answer the offending questions. System Evergreen seems to claim that despite having asserted the privilege in a timely fashion, because Mr. Worden then answered the questions, he has waived the privilege. It also claims that Mr. Worden should not be permitted to invoke the attorney-client privilege under the "crime-fraud" exception, alleging that Mr. Worden (apparently with the knowledge and assistance of his counsel) intended to commit a fraud on the Patent Office in connection with obtaining a patent on the Eco-Wal system.

**Discussion**

A.  The "Crime-Fraud" Exception.

System Evergreen's arguments are not persuasive.  First, the "crime-fraud" exception to the attorney-client privilege is not applicable to this case.  Other than conclusory allegations, System Evergreen has provided no support whatsoever for its assertion that Mr. Worden was "less than candid with the Patent Office."  System Evergreen's motion to continue trial date, at 15.  See, e.g., Research Institute for Medicine and Chemistry, Inc. v. Wisconsin Alumni Research Foundation, 114 F.R.D. 672, 679 (W.D.Wis. 1987) ("[A] prima facie showing of fraud must be made out before the [crime-fraud] exception may be invoked.  While I agree that evidence of fraud may be derived from the privileged communications themselves, it would be of dubious propriety to consider so grave a charge without requiring a preliminary showing of the factual basis for plaintiff's fraud claims and giving [defendant] an opportunity to respond.") (citation omitted).

B.  Waiver by Asserting an "Advice of Counsel" Defense.

Typically, the assertion of an "advice of counsel" defense in a patent case acts as a full waiver of the attorney-client

5

privilege with respect to the subject matter of the advice. <u>Micron Separations, Inc. v. Pall Corp.</u>, 159 F.R.D. 361, 362-63 (D. Mass. 1995); <u>Abbott Lab. v. Baxter Travenol Lab., Inc.</u>, 676 F.Supp. 831, 832-22 (N.D. Ill. 1987). As noted by the District Court for the Northern District of California:

> The use of the advice of counsel defense is not without its implications. By relying on the advice of counsel defense, the defendants have injected their counsel's advice as an issue in this litigation. "The deliberate injection of the advice of counsel in a case waives the attorney-client privilege as to the communications and documents relating to the advice."

<u>Mushroom Associates v. Monterey Mushrooms, Inc.</u>, 24 U.S.P.Q.2d 1767, 1770 (N.D. Cal. 1992) (citation omitted).

Here, however, Concrete Systems claims to have produced not only Attorney Kayden's non-infringement letter, but also all relevant materials upon which he relied in reaching that opinion. Concrete Systems (and Mr. Worden) claim that the attorney-client privilege has not been waived with regard to advice rendered by Attorney Kayden to Mr. Worden and related to the patentability of the Eco-Wal. Based upon the record presently before it, the court is inclined to agree.

In Saint-Gobain/Norton Indus. v. General Elec. Co., 884 F.Supp. 31 (D. Mass. 1995), the court was presented with a similar issue. In that patent suit, Saint-Gobain/Norton raised an advice of counsel defense to a charge of willful infringement, claiming that it justifiably relied upon two opinions of counsel which stated that the patent in issue was invalid. General Electric responded by asserting that Norton had waived the attorney-client privilege with regard to all communications with their patent counsel. The court disagreed and held that Norton was not required to disclose privileged documents relating to enforceability or infringement of the patent.

> In the present case, the opinions offered as a defense
> to the charge of willful infringement discuss only the
> validity, or the invalidity, of GE's patents.
> Consequently, Norton has waived the attorney client
> privilege with respect to the issue of validity [only].

Id. at 34.

Similarly, in this case it is clear that Concrete Systems has waived the attorney-client privilege with regard to confidential communications to and from Attorney Kayden and relating to his opinion that the Eco-Wal does not infringe System Evergreen's patent. However, system Evergreen has failed to

7

demonstrate that Concrete Systems (or, more accurately, Mr. Worden) has waived the attorney-client privilege with regard to issues concerning the patentability of the Eco-Wal.

C.    <u>Waiver by Responding to Questions at Deposition</u>.

Next, System Evergreen has failed to provide any legal support for its claim that, despite having asserted the privilege in a timely fashion at his deposition, Mr. Worden nonetheless waived that privilege when he subsequently responded to the very questions which prompted his counsel's objections.  Rule 30 of the Federal Rules of Civil Procedure provides, in part, that with regard to depositions:

> All objections made at the time of the examination to the qualifications of the officer taking the deposition, to the manner of taking it, to the evidence presented, to the conduct of any party, or to any other aspect of the proceedings shall be noted by the officer upon the record of the deposition; <u>but the examination shall proceed, with the testimony being taken subject to the objections</u>.

Fed.R.Civ.P. 30(c) (emphasis added).  System Evergreen's position is add odds with the plain language of Rule 30 and it has failed to submit any legal support for that position.  Nor has it described the understanding (if any) between counsel regarding the effect of raising objections to questions posed at deposition

but then permitting the deponent to respond. Without more, the court is not inclined to find that Mr. Worden has waived the attorney-client privilege.[1]

Moreover, even assuming that Mr. Worden has waived the attorney-client privilege, System Evergreen has failed to demonstrate that Attorney Kayden's testimony is either relevant or reasonably calculated to lead to the discovery of relevant materials. See Fed.R.Civ.P. 26(b)(1). The testimony sought from Attorney Kayden relates to his representation of Mr. Worden in connection with Worden's efforts to obtain a patent on his invention: the Eco-Wal. However, Mr. Worden is not a party to this litigation, nor has System Evergreen demonstrated how his confidential communications could possibly be relevant to this proceeding. System Evergreen seeks an injunction against Concrete Systems, not Mr. Worden. The patentability of the Eco-

---

[1] Of course, counsel for Mr. Worden could have instructed his client not to answer the questions he believed intruded upon the attorney-client privilege and then sought a protective order from the court. See Fed.R.Civ.P. 30(d). It is unclear, however, whether counsel was required to pursue that line of recourse or if, by failing to do so, his client should be deemed to have waived the privilege. See generally, Paparelli v. Prudential Ins. Co. of America, 108 F.R.D. 727, 730 (D.Ma. 1985); Perrington v. Bergen Brunswig Corp., 77 F.R.D. 455, 461 n.4 (N.D.Cal. 1978).

Wal and/or Mr. Worden's discussions with his counsel regarding the Eco-Wal would seem to have little relevance to whether Concrete Systems willfully infringed the '245 patent. Concrete Systems received an opinion from patent counsel that the product it manufactured and sold did not infringe the '245 patent. Presumably, Concrete systems was entitled to rely on that opinion. It is unclear why System Evergreen seeks discovery of privileged communications Mr. Worden may have had with counsel or how such information might support its claims against Concrete Systems. Again, unfortunately, System Evergreen's pleadings provide little guidance in that regard.

Obviously, System Evergreen has a right to question Attorney Kayden with regard to the basis of his non-infringement opinion, the materials he considered in connection with forming that opinion, etc. However, it appears that Concrete Systems and Attorney Kayden provided System Evergreen with all such information. Attorney Kayden simply refused to reveal the content of any confidential communications he had with Mr. Worden in connection with his representation of Mr. Worden individually and on another subject: the patentability of the Eco-Wal.

10

Perhaps it is important to reiterate that Attorney Kayden represents two distinct entities. First, he represents a party to this litigation: Concrete Systems. And, as its patent counsel, he provided Concrete Systems with a non-infringement opinion letter. That letter has been disclosed to System Evergreen and, at his deposition, Attorney Kayden testified about the basis for his opinion. All of that information is plainly relevant and was (apparently) properly produced. Attorney Kayden also represents Mr. Worden individually. Mr. Worden is not a party to this litigation and System Evergreen has failed to demonstrate how the confidential communications between Mr. Worden and Attorney Kayden might be relevant or likely to lead to the discovery of relevant evidence. Because System Evergreen, as moving party, has failed to meet that threshhold burden, the court need not speculate as to how that burden might be met or even if it can be met.

D.   Other Considerations.

Finally, the court finds that System Evergreen failed to file its motion to extend the trial date, reopen discovery, and compel Mr. Worden to issue a written waiver of the attorney-client privilege in a timely fashion. That motion was filed well

11

after the close of discovery and Attorney Kayden's deposition (which was not taken until 2 days before the close of discovery and 6 months _after_ System Evergreen had been provided with a copy of his non-infringement opinion letter). Accordingly, in the exercise of its discretion, the court finds that granting the relief requested by System Evergreen would not be appropriate. This case was originally scheduled for trial during the first week of February, 1996. Due to scheduling conflicts, however, trial has been rescheduled for the first week of September, 1996. Further delay, at least for the reasons advanced by System Evergreen, is unwarranted.

## Conclusion

System Evergreen has failed to provide the court with any legal or factual support for its requests. For all of the reasons discussed, System Evergreen's motion to continue trial, extend discovery, and compel deposition testimony (document no. 57) is denied.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

June 10, 1995

cc:  Jeffrey N. Danis, Esq.
     Christopher Gagne, Esq.
     James M. Costello, Esq.
     Daniel J. Bourque, Esq.