Steven B. MICHLIN, Plaintiff,

v.

CANON, INC., Canon U.S.A., Inc., and
Hewlett Packard Company,
Defendants.

No. 00 CV 73306 DT.

United States District Court,
E.D. Michigan,
Southern Division.

April 30, 2002.

Edward J. Hood, Clark Hill, Detroit, MI, for Plaintiff.

Robert S. Krause, Dickinson Wright, Detroit, MI, for Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY

MORGAN, United States Magistrate Judge.

This matter is before the court on the motion of the plaintiff to compel discovery. This is a patent infringement case. Plaintiff is a patent holder of three patents allegedly infringed by defendants. Defendants have denied infringement, and have alleged reliance on the advice of counsel in defense of plaintiff's claim of willful infringement. Plaintiff seeks both the production of documents related to the defense of lack of wilfulness and also the ability to depose Mr. O'Brien and Mr. Klock, attorneys for defendants. Mr. O'Brien and Mr. Klock are trial attorneys in this litigation who also issued the opinions upon which defendants seek to rely to avoid the charge of willful infringement. The issue before the court is to what extent defendants, having raised the defense of reliance on an opinion of counsel to a charge of willful infringement, must produce documents which otherwise would be protected by the attorney-client privilege and/or the

work product doctrine codified in Fed. R.Civ.P. 26(b)(3). Oral argument was held before the magistrate judge and the motion was granted on the record. This opinion supplements the reasons set forth on the record. Based on the facts and the law, the court finds that the motion should be granted. Therefore, IT IS ORDERED that the plaintiff's motion to compel IS GRANTED.

██ The law in this area is summarized in *Micron Separations Inc. v. Pall Corp.* 159 F.R.D. 361 (D.Mass.1995). Where the patent holder alleges wilful infringement, the alleged infringer's mind is a matter of consequence. *Thorn EMI North America, Inc. v. Micron Technology, Inc.*, 837 F.Supp. 616, 621 (D.Del.1993). Proof of reliance on competent legal advice is an important defense to a claim for willful infringement. *Key Technology Inc. v. Simco/Ramic Corp.*, 137 F.R.D. 322, 325 (D.Or.1991). When such reliance is pleaded, there is a waiver of the attorney-client privilege and work product protection, at least to the extent of all information respecting communications between the client and attorney up until the time the opinion is rendered. *Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926, 929–33 (N.D.Cal.1976). At a minimum, the plaintiff patent holder should be entitled to discover facts relating to when defendant sought the advice, what defendant knew about defense counsel's independence, skill, and competence to provide the opinion, what defendant knew about the nature and extent of analysis performed by defense counsel, and what defendant knew or had concluded about the credibility, value, and reasonableness of the opinion. *Micron*, 159 F.R.D. at 362.

██ Here, plaintiff seeks memoranda and related documents which bear upon the issuance of the attorney's opinion of non-infringement. Previous motions were heard before the magistrate judge and defense counsel denied the existence of any memoranda related to an oral opinion upon which defendants relied. Plaintiff was permitted to submit five additional interrogatories. Upon further investigation by defense counsel in response to these additional interrogatories, that statement proved untrue and documents including a memorandum au-

thored by Brian Klock (referred to as the "Klock memo") was ultimately produced, albeit in redacted form. Defense counsel indicated that the part redacted was not relevant. The Klock memo, found in Mr. Klock's file, deals with one of the patents at issue. The redacted portion deals with early discussions between plaintiff and defendant about licensing under the patent. At oral argument, counsel agreed with the court's suggestion to provide the document without redaction so that the issue could be discussed. Previously submitted privilege logs did not contain reference to any documents related to Brian Klock. Defendants produced most of the requested material after the close of discovery. At oral argument on the instant motion, Mr. O'Brien conceded that the Klock memo should have been produced at least as of October, 2001, when plaintiff gave defendants a list of accused products. He stated that the memo was overlooked in their searches. (Transcript page 11) In addition to the Klock memo, defendants produced redacted correspondence seeking the attorney opinion regarding non-infringement. There are attorney opinion letters prepared as late as October, 2001, after the lawsuit was filed. It is difficult to understand how there could be reliance on opinions prepared after the lawsuit for activities commenced prior to the lawsuit. However, this is the defense. In addition, it was trial counsel's firm which prepared these opinions, the underlying support for which they now seek to protect from disclosure.

After considering the statements at oral argument and the circumstances of the production and non-production in this case, the magistrate judge finds that defense counsel has been less than forthcoming with the court. The court has grave concerns bearing on the good faith production of documents by defendants' trial team. It is difficult for the court to believe that the failure to timely produce these important documents was inadvertent. This is particularly the case where a lawyer for defendant represented to the court that no such documents existed and then such a document turned up in the file of trial counsel, authored by one of the trial counsel. Defendants themselves raised the

**174**

defense that any infringement was not willful, and asserted reliance on counsel's opinions, opinions prepared after litigation by trial counsel and his firm. Plaintiff requested in clear terms the documents supporting that defense. The documents were not produced timely, and when they were produced, they were extensively redacted, leaving out portions directly bearing on the issues related to this case.

Defense counsel claims that the documents were withheld because, in addition to not being relevant, they were work product. The court has difficulty with that concept where defense counsel seeks to rely on these same documents as a defense to wilfulness. Usually, the lawyer who offers the opinion of non-infringement would not be trial counsel, in which case, discussions would be much simplified. Here, defense counsel and his firm have chosen to act as both the attorney issuing the opinion and also as trial counsel. In addition, the firm continued to offer opinions to defeat wilfulness even after the litigation was underway.

As stated by another court: "When reliance on advice of counsel is pleaded as a defense to the claim of willful patent infringement, there is waiver of attorney client privilege and work product protection, at least to the extent of all information respecting communication between client and attorney up until the time the attorney's opinion is rendered." *Micron Separations Inc. v. Pall Corporation,* 159 F.R.D. 361 (D.Mass.1995). Here, the opinions were rendered by trial counsel's firm after the litigation began. Although it is difficult to understand how there could be a defense to willful infringement based on an opinion rendered after the litigation began, defendants have raised such a defense. They cannot use their status as trial counsel to erect a barrier to discovery of documents to which plaintiff would otherwise be entitled. Neither can counsel play cute by carefully circumscribing information given to the lawyer in the firm who wrote the opinion, and funneling the information given him through other lawyers in the firm to avoid the concept of "communications between the client and attorney." If a draft opinion is prepared and given to Mr. Klock

or Mr. O'Brien who reviews in light of trial strategy before it is given to the client and then sends it back for redrafting if it is a little weak or inconsistent with the trial strategy, plaintiffs have a right to know this. It bears on the independence, competence, analysis, credibility, and value of the opinion. *Micron,* 159 F.R.D. at 362. The court finds that assertion of the defense of advise of counsel results in a waiver of the attorney client and the work product privilege. This is a "subject matter" waiver, a waiver of all communications on the same subject matter. See, *Micron,* 159 F.R.D. at 363.

· THEREFORE IT IS ORDERED that defendants produce all documents through the date of the last opinion letter, which bear on the issue of whether there has been or can be willful infringement. This includes documents provided by defendant to counsel, internal memoranda related to the preparation of the opinion letter, drafts of the opinion letter, and documents dealing with validity of the patents, and discussions with the client with respect to these issues, and all documents relating to the opinions upon which defendants intend to rely.

IT IS FURTHER ORDERED that plaintiff may take the depositions of Mr. Klock and Mr. O'Brien with respect to the circumstances surrounding the issuance of the opinion letters, the validity of the opinions expressed and the bases for those opinions.

In the alternative, defendant may avoid production by abandoning any defense of lack of willfulness.