**VLT, INC., Vicor Corporation, Plaintiffs,**

v.

**ARTESYN TECHNOLOGIES, INC., et al., Defendants.**

**No. CIV.A.2001–10238–PBS.**

United States District Court, D. Massachusetts.

May 9, 2002.

Robert E. Hillman, Lawrence K. Kolodney, Fish & Richardson, Paul F. Ware, Jr., Douglas C. Doskocil, Daryl L. Wiesen, Goodwin Procter LLP, Stephen I. Romine, Fish & Richardson, Boston, MA, for Plaintiffs.

Robert D. Yeager, Kirkpatrick & Lockhart, Thomas F. Holt, Jr., Tara C. Clancy, Kirkpatrick & Lockhart LLP, Boston, MA, Patrick J. McElhinny, Kirkpatrick & Lockhart LLP, Pittsburgh, PA, Jill D. Helbling, MA, Kirkpatrick & Lockhart LLP, Pittsburgh, PA, for Defendants.

**MEMORANDUM AND ORDER ON PLAINTIFFS' EMERGENCY MOTION TO COMPEL DEFENDANTS TO PRODUCE (1) FURTHER DOCUMENTS AND DISCOVERY RELEVANT TO THEIR ADVICE OF COUNSEL DEFENSE; AND (2) TO PRODUCE ALL RELEVANT NON–PRIVILEGED DOCUMENTS (# 44)**

COLLINGS, United States Magistrate Judge.

Vicor alleges willful infringement of its '098 patent; as a defense, Artesyn[1] is relying on five opinions of counsel, four from one Kenneth Leeds executed in 1996, 1999 and 2001 and one from Steven M. du Bois and Ronald L. Grudziecki executed in 1996. The various opinions are to the effect that Vicor's patent is invalid, but if valid, Artesyn did not infringe it. Relying on an opinion of counsel letter as part of a defense to a claim of willful infringement operates as a subject matter waiver of the attorney-client privilege as to all communications on the same subject matter. The subject matter is (1) the validity or invalidity of Vicor's patent, and (2) whether Artesyn infringed Vicor's patent.

Vicor and Artesyn disagree as to the scope of the waiver. After hearing, I

---

1.  I shall use the term "Artesyn" to refer to all the defendants as well as Artesyn Technologies, Inc.'s predecessors.

stand by the decision I made in the case of *Micron Separations, Inc. v. Pall Corporation*, 159 F.R.D. 361 (D.Mass.1995) on that subject.

■ First, Vicor is entitled to production of all documents which Artesyn provided to the authors of the opinion letters and all documents which the authors of the opinion letters furnished to Artesyn at least up until the time each opinion letter was written. *Micron*, 159 F.R.D. at 363. Second, Vicor is entitled to all documents in the custody, control and/or possession of Artesyn which are either documents generated by Artesyn or documents received by Artesyn up to the date the last opinion letter[2] was authored which *in any way* relate to the question of whether Vicor's patent is valid or invalid and the question of whether Artesyn infringed Vicor's patent. *Micron*, 159 F.R.D. at 363.

Third, the only exception to the second category is any documents generated by Artesyn's present trial counsel (defined as the law firm or law firms which entered an appearance for Artesyn at the time it first appeared) and disclosed to Artesyn if

(1) those documents contain the 'mental impressions, conclusions, opinions or legal theories' of [Artesyn's] present trial counsel and (2) those 'mental impressions, conclusions, opinions or legal theories' of present trial counsel are consistent with the opinion letter[s] and do not, in any respect, contradict the opinion letter or recite facts which cast doubt on the opinion letter and/or the bases of the opinions contained in the opinion letter.

*Micron*, 159 F.R.D. at 365.

On page 4 of its opposition (# 56), Artesyn lists five categories of documents as

to which it claims the privilege has not been waived. Consistent with what I refer to, *supra*, as the second holding in *Micron*, I rule that if the documents are in the custody, control and/or possession of Artesyn and are either documents generated by Artesyn or documents received by Artesyn up to the date the last opinion letter in the instant case was written and which *in any way* relate to the question of whether Vicor's patent is valid or invalid and the question of whether Artesyn infringed Vicor's patent, Vicor is entitled to them despite the fact that references to the validity or invalidity of Vicor's patent or the infringement or non-infringement of that patent by Artesyn are perhaps secondary or tangential or ancillary to the main subject of the communication. For example, the main subject of the communication may be "contractual indemnification claims against a third party with respect to Vicor's lawsuit", "the collection of information for litigation counsel in this lawsuit", "legal strategy with respect to Vicor", "strategy for discussion with vendors in light of...litigation with Vicor" or "communications with Ericsson regarding advice of counsel with respect to Vicor." However, if the content of the documents fall, to any extent, within the category of documents described in the second holding of *Micron*, they must be produced.

That is not to say that if parts of the documents contain matters completely unrelated to those issues, those parts cannot be redacted. But at least those portions of the documents which fall within the category must be produced.

As I indicated at the hearing, a privilege log may serve a useful purpose when deal-

---

**2.** Vicor's Complaint was filed on February 8, 2001; Artesyn was served on April 11, 2001.

The last opinion letter was October 1, 2001.

ing with the issue of whether a document is privileged in the first instance. It is far less useful when the issue is one of waiver such as exists in this case. In such cases involving the scope of a subject matter waiver, it may be difficult if not impossible for the party asserting the privilege to "describe the nature of the documents. . .in a manner that, without revealing the information itself privilege or protected, will enable other parties to assess the applicability of the privilege or protection." Rule 26(b)(5), Fed.R.Civ.P. How can one show that the privileged contents of a document do not relate to a certain subject matter without revealing the contents of what is contained in the documents? Thus, I shall not direct that Artesyn make any further disclosures on its privilege logs.

Accordingly, it is ORDERED that Plaintiff's Emergency Motion, Etc. (# 44) be, and the same hereby is, ALLOWED to the following extent:

(1) Artesyn is ORDERED, pursuant to Rule 37(a)(2), Fed.R.Civ.P., *on or before the close of business on Monday, May 20, 2002,* to permit inspection and copying of all documents (or portions of the documents) on its privilege logs which have not as yet been produced which fall within one or more of the two categories of documents described, *supra,* which must be produced as per the *Micron* precedent.

(2) Counsel are thereafter directed to confer *on or before the close of business on Tuesday, May 28, 2002,* in an effort to resolve their differences over any remaining documents.

(3) Artesyn is ORDERED, *on or before the close of business on Monday, June 3, 2002,* to produce for an *in camera* inspection any documents which thereafter remain in dispute, i.e., any documents on its privilege logs which it has

not produced pursuant to ¶ (1) of the within Order or has not previously produced which it claims falls entirely without either of the two categories of documents described, *supra,* which must be produced as per the *Micron* precedent and which Vicor claims falls within one of the two categories.