**THORN EMI NORTH AMERICA, INC., Plaintiff,**

v.

**MICRON TECHNOLOGY, INC., and Micron Semiconductor, Inc., Defendants.**

**Civ. A. No. 92–673–RRM.**

United States District Court, D. Delaware.

Nov. 3, 1993.

Donald F. Parsons, Jr., and Jack B. Blumenfeld, Morris, Nichols, Arsht & Tunnell, Wilmington, James P. Bradley, Dale B. Nixon, Michael Rocco Cannatti, and D. Scott Hemingway, Richards, Medlock & Andrews, Dallas, TX, Ivan S. Kavrukov, Thomas G. Carulli, and Peter J. Phillips, Cooper & Dunham, New York City, for plaintiff.

James F. Burnett, and William J. Marsden, Jr., Potter, Anderson & Corroon, Wilmington, Wayne M. Harding, W. Bryan Farney, and Michael T. McLemore, Arnold, White & Durkee, Houston, TX, R.B. Rock, and Kirk R. Helvie, Moffatt, Thomas, Barrett, Rock & Fields, Boise, ID, for defendants.

## OPINION

McKELVIE, District Judge.

Thorn EMI North America, Inc. contends Micron Technology, Inc. and Micron Semiconductor, Inc. are willfully infringing four of Thorn's patents for semiconductor devices. The defendants have denied infringement, contend the patents are invalid and unenforceable, and have counterclaimed for declaratory relief and damages for Thorn's alleged bad faith enforcement of one of those patents. In a prior opinion, the Court denied Micron Semiconductor's motion to dismiss and Micron Technology's motion for a change of venue. *Thorn EMI North American v. Micron Technology,* 821 F.Supp. 272 (D.Del. 1993). The case is scheduled to be tried to a jury beginning on Monday, December 6, 1993.

The defendants have notified Thorn that they intend to respond to Thorn's claim of willful infringement by arguing that they

have relied in good faith on the opinions of counsel that Thorn's patents are invalid or not infringed. In response to Thorn's request for production of documents, defendants have produced copies of written opinions of counsel and certain related documents. Thorn has now moved for an order compelling the defendants to produce additional documents relating to counsel's opinions. The defendants contend these additional documents are protected from disclosure as work product. This is the Court's decision on the motion.

## FACTS

In a complaint filed on November 20, 1992, Thorn EMI North America, Inc. ("Thorn") contends Micron Technology, Inc. and Micron Semiconductor, Inc. (collectively "Micron" or "the Micron defendants") are infringing Thorn's U.S. Patent Nos. 4,581,546; 4,459,685; 4,355,377; and Reissue Patent No. 32,682. Thorn seeks compensatory damages and an order enjoining the defendants from future infringing activity. Thorn also alleges the defendants' infringement is willful and deliberate and, pursuant to 35 U.S.C. § 284, asks the Court to treble any award of damages in its favor. As noted above, the defendants have answered Thorn's complaint by denying infringement and asserting as affirmative defenses that the patents are invalid and unenforceable. The defendants have also counterclaimed for a declaration that the four patents are unenforceable and damages for Thorn's alleged bad faith enforcement of the '377 patent.

The defendants have informed Thorn that they will respond to the claim of willful infringement by arguing that Micron's management has acted in good faith and that one aspect of that good faith is management's reliance on counsel's advice that Thorn's patents are invalid or not infringed. Pursuant to Federal Rule of Civil Procedure 34, Thorn requested that the defendants produce copies of all opinions of counsel defendants intend to rely on in denying willful infringement or the absence of exceptional circumstances, and all documents prepared and reviewed by Micron's attorneys relating to their invalidity or noninfringement analysis of the patents-in-suit. In response to this request, the defendants have produced copies of Arnold, White & Durkee's February, 1993 opinions on each of the patents-in-suit. The defendants have also produced copies of a dozen documents prepared by or for Micron employees and which Micron provided to the law firm in connection with the firm's review and analysis of the patents. The defendants objected to producing the balance of the documents relating to the opinions sought by Thorn on the ground that they were protected from disclosure by the attorney-client privilege or as work product.

Thorn has moved for an order compelling the defendants to produce all documents reviewed by or prepared for counsel which relate to the opinions, including all documents collected, reviewed, analyzed and considered with respect to the opinions, and all documents that evidence mental impressions of the attorneys preparing the opinions, such as internal memoranda and drafts of the opinions.

In the briefing in support of its motion, Thorn argues that these documents are relevant to the competence of the opinions and whether or not Micron's alleged good faith reliance on them was reasonable or justified. Thorn contends the opinions should be suspect because of the absence of technical analysis, the absence of validity analysis on three of the four patents-in-suit, the delays in obtaining the opinions, and the absence of any independent technical analysis. It reports that, if its motion is granted, among the areas it intends to explore are: (1) why the opinions were written one year after notice of the alleged infringement; (2) why only one of the four patents-in-issue was analyzed with respect to validity; (3) why a doctrine of equivalents analysis is missing in some of the opinions; (4) why Micron relied so heavily on technical descriptions of Micron's parts provided by Thorn; (5) why counsel did not consult an independent technical person with respect to the patents at issue; and (6) whether inexperienced attorneys were being trained through the preparation of these opinions.

Thorn argues that by asserting their good faith reliance on opinions of counsel as a response to the claim of willfulness, the de-

fendants have waived the attorney-client privilege as to documents and communications relating to the opinions and have waived the right to claim that documents reviewed or prepared by counsel in connection with the preparation of those opinions are protected from disclosure as work product. Thorn also contends Micron has waived the right to protect this information from disclosure by producing the documents it supplied to Arnold, White & Durkee in connection with its preparation of the opinions. In addition, Thorn contends Micron s counsel waived the right to protect these documents by conceding during discovery that Thorn was entitled to discover the mental impressions of the attorney who prepared the opinions and any material he relied on in formulating them.

## DISCUSSION

Thorn's motion to compel raises two questions. First, to what extent are Arnold, White & Durkee's internal work product papers relevant to Thorn's claim Micron has willfully infringed the patents-in-suit? Second, has Micron waived its objection that this work product is immune from discovery, either by asserting its good faith reliance on the advice of counsel as a response to the willfulness claim or in responding to Thorn's discovery requests? Here is a review of these matters, starting with those facts that are relevant to a claim of willful infringement.

I. *Facts Relevant to a Claim for Enhancement of Damages under 35 U.S.C. § 284*

Section 284 of Title 35 provides that in patent infringement cases tried to a jury, a trial court may order that a judgment be entered in favor of a claimant for up to three times the compensatory damages as determined by the jury. While the statute does not set out the standards the trial court should apply in deciding whether or not to increase damages, the Court of Appeals for the Federal Circuit has approved such awards where the fact finder has determined an infringer acted in wanton disregard of the patentee's rights. *Mathis v. Spears*, 857 F.2d 749, 754 (Fed.Cir.1988) ("Provisions for increased damages … are available as deterrents to blatant, blind, willful infringement of valid patents.").

Whether an infringer acted willfully or wantonly is a question of fact that rests on a determination of the infringer's state of mind. *Read Corp. v. Portec, Inc.,* 970 F.2d 816 (Fed.Cir.1992). Published opinions have identified a number of factors that may be relevant to determining the infringer's state of mind, including evidence that the infringer copied the ideas or design, evidence that the infringer had actual notice of the patent, and evidence that the infringer sought, obtained and justifiably relied on legal advice from counsel on whether or not the patents were invalid or infringed. In determining whether or not an infringer's reliance on an opinion of counsel was reasonable, courts have found it relevant to look to when the infringer sought counsel's advice (before or after commencing the infringing activities); the infringer's knowledge of the attorney's independence, skill and competence; the infringer's knowledge of the nature and extent of analysis performed by counsel in providing the opinion; and whether the opinion contains sufficient internal indicia of credibility, including a validity analysis predicated on a review of the file histories, and an infringement analysis that compares and contrasts the potentially infringing method or apparatus with the patented inventions. *See generally, Read Corp. v. Portec, Inc.,* 970 F.2d 816 (Fed.Cir. 1992); *Ortho Pharmaceutical Corp. v. Smith,* 959 F.2d 936 (Fed.Cir.1992); *Underwater Devices Inc. v. Morrison–Knudsen Co.,* 717 F.2d 1380 (Fed.Cir.1983).

II. *The Assertion of Good Faith Reliance on the Advice of Counsel is a Waiver of the Attorney–Client Privilege*

Typically, counsel's advice to a client on whether or not the client may be infringing a valid patent is not relevant to the claims in an action for patent infringement. Evidence of that advice would not tend to make the existence of any fact of consequence to the determination of the action more or less probable and would not, therefore, fall within the definition of relevant

evidence under Federal Rule of Evidence 401.

■ When an alleged infringer decides to respond to a claim of willful infringement by offering evidence that he or she reasonably and in good faith relied on advice of counsel in making, using or selling the allegedly infringing device, then the advice becomes relevant and admissible. Documents and testimony relating to that advice are relevant in that they are probative of the alleged infringer's intent. They are admissible because the alleged infringer has waived the privilege as to the subject matter of the advice. *Hercules Inc. v. Exxon Corp.*, 434 F.Supp. 136, 156 (D.Del.1977).

III. *Whether the Assertion of Good Faith Reliance on the Advice of Counsel is also a Waiver of the Immunity for Work Product*

Thorn cites *R.C.A. v. Data General Corp.*, C.A. No. 84–270–JJF, 1986 WL 15693 (D.Del. July 2, 1986), for the proposition that, in relying on the advice of counsel to defeat a claim of willfulness, an alleged infringer not only waives the attorney-client privilege but also waives work product immunity for documents that relate in any way to counsel's advice. That argument may state too broadly the extent to which a contention of good faith reliance on the advice of counsel waives the privilege for information normally protected from disclosure as work product or an attorney-client communication.

■ The documents sought by Thorn are within the scope of information that is normally protected from disclosure as work product. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Thus, materials relating to mental impressions, opinions and legal theories of attorneys, are typically found to be immune from disclosure under Federal Rule of Civil Procedure 26(b)(3). Like the attorney-client privilege, work product immunity can be waived. However, courts generally find a waiver only if facts relevant to a particular, narrow subject matter are at issue and have been disclosed under circumstances where it would be unfair to deny the other party an opportunity to discover other facts relevant to that

subject matter. *Charlotte Motor Speedway, Inc. v. International Ins. Co.*, 125 F.R.D. 127 (M.D.N.C.1989); *International Business Machines v. Sperry Rand Corp.*, 44 F.R.D. 10 (D.Del.1968).

■ Thorn has identified two reasons why Micron and Arnold, White & Durkee's disclosure of the four opinions should in fairness also require the disclosure of information that would otherwise be protected as work product. First, Thorn contends it will need access to the work product information in order to test and examine the mental impressions and legal theories Arnold, White & Durkee discloses in the opinions. Second, Thorn contends it will need access to the work product to review and evaluate the competence of the firm's work and the opinions. Neither of these reasons should provide a basis for finding that Micron and Arnold, White & Durkee must disclose this information, as neither the basis for the opinions nor their actual competence is a matter of consequence to the determination of the action.

In this context, the matter of consequence is the alleged infringer's state of mind. As is suggested in the Federal Circuit's opinions in *Read Corp. v. Portec, Inc., supra*, at 828 and 829, and *Underwater Devices v. Morrison–Knudsen, Co., supra*, at 1389 and 1390, Thorn should be able to explore with Micron and Arnold, White & Durkee facts relating to whether or not Micron's management's reliance on the opinions were reasonable. Thus, Thorn should be entitled to discover facts relating to when Micron sought the advice, what Micron knew about the law firm's independence, skill and competence to provide the opinions, what Micron knew about the nature and extent of analysis performed by the firm, and what Micron knew and had concluded about the credibility, value and reasonableness of the opinions.

In the briefing on the motion, Thorn has identified decisions by courts which found that, where a client has relied on the advice of counsel and that reliance is a matter in issue in litigation, counsel's opinion work product should be discoverable without regard to whether or not those opinions were

communicated to the client. *See e.g. Mushroom Associates v. Monterey Mushrooms, Inc.,* 24 U.S.P.Q.2d 1767, 1992 WL 442892 (N.D.Calif.1992) ("The work product is directly at issue. For example, knowing what the attorney thought about infringement bears directly on the defendants' advice of counsel defense in this case. Also, the plaintiff's need for this information is compelling. The only way plaintiff can attack the defendant's advice of counsel defense is by having access to circumstances and factors surrounding the advice. Discovery of mental impression work product may be the only way to have access to the circumstances and factors surrounding the advice."); *see also FMT Corp., Inc. v. Nissei ASB Co.,* 24 U.S.P.Q.2d 1073 (N.D.Ga.1992). For the reasons set out above, this Court does not believe a party's assertion of good faith reliance on advice of counsel necessarily puts counsel's work product at issue. The facts of consequence to the determination of a claim of willful infringement relate to the infringer's state of mind. Counsel's mental impressions, conclusions, opinions or legal theories are not probative of that state of mind unless they have been communicated to that client. Therefore, the Court declines to follow the decisions in these cases.

IV.  *Whether Micron has Waived the Immunity for Work Product in Responding to Thorn's Discovery Requests*

■ In addition to its general argument that the advice of counsel defense waives work product immunity, Thorn argues that Micron and Arnold, White & Durkee waived the work product immunity by producing the documents Micron had provided to the law firm in connection with its preparation of the opinions, and when Micron's counsel conceded during a deposition that Thorn was entitled to discover the impressions and opinions of the attorney who prepared the opinions.

In producing the documents, Micron was disclosing information that would otherwise have been protected from discovery by the attorney-client privilege, not as work product. The production was not, therefore, a waiver of work product immunity.

■ With regard to the statements by Micron's counsel on the scope of Thorn's discovery, the Court finds the statements should not be read as a waiver or admission of Micron's position. Micron has not disclosed the documents it contends are protected, and in opposing Thorn's motion has sought to protect its position that the information remains immune from disclosure.

V.  *Whether the Documents Thorn Seeks From Arnold, White & Durkee are Relevant to Matters Put in Issue by Micron's Contention it Relied on Advice of Counsel*

■ Thorn seeks to obtain documents from Arnold, White & Durkee on why the opinions were written one year after notice of the alleged infringement. To the extent Arnold, White & Durkee has knowledge of facts as to what was said to or by Micron's management on that subject, or documents that identify communications to or from Micron on the subject, that knowledge and those documents are relevant and should be discoverable. If, however, Arnold, White & Durkee has information or documents on the subject that were not communicated to Micron nor received from it, then that information is probably not probative of Micron's management's intent, is probably not relevant, and is not discoverable.

Thorn also seeks information on why Arnold, White & Durkee did not include in each of the opinions an analysis with respect to validity or the doctrine of equivalents. To the extent the firm has knowledge of facts as to what was said to or by Micron's management on the subject, including what was said as to what should or should not be included in the opinions, or of documents that identify communications to or from Micron on the subject, that information is relevant to Micron's intent and is, therefore, discoverable. To the extent, Arnold, White & Durkee has information or documents on the subject that were not communicated to Micron, nor received from it, that information is probably not probative of Micron's intent, is probably

not relevant to the matters in issue, and is not discoverable.

Thorn also seeks discovery from Arnold, White & Durkee on the mental impressions and opinions developed by counsel during the course of their work in preparing the opinions they delivered to Micron. Unless these matters were a subject of communications with Micron's management, they are not relevant and are not discoverable.

### VI. *Limitations on Discovery and Proof as to Willfulness*

Thorn's description of the discovery it seeks from Arnold, White & Durkee suggests Thorn may be placing too much emphasis on the evidentiary value of this information. If the matter in issue is the state of mind of Micron's management, a discovery foray into Arnold, White & Durkee's files, its lawyers' impressions, and the law firm's plans for associate development, does not appear to be designed to secure a just, speedy and inexpensive determination of this action. *See* Fed.R.Civ.P. 1.

In light of Congress' directive in the Civil Justice Reform Act that our courts should continue to evaluate the extent, cost and value of discovery, and consistent with this Court's authority to limit the extent of discovery, to exclude relevant evidence and to exercise control over the mode and presentation of evidence at trial, the parties should consider the probative worth of this type of information. *See* 28 U.S.C. § 473; Fed.R.Civ.P. 26; Fed.R.Evid. 403, 611. On receiving an appropriate application, the Court will be inclined to limit discovery on these issues and to restrict the evidence and examination on these matters at trial.

For the foregoing reasons, the Court will issue an Order denying Thorn's motion to compel.