STEELCASE INC., Plaintiff,

v.

HAWORTH, INC., Defendant.

No. 1:96cv 406.

United States District Court,
W.D. Michigan,
Southern Division.

Feb. 5, 1997.

Jon G. March, David J. Gass, Miller, Johnson, Snell & Cummiskey, Grand Rapids, MI, George Pazuniak, Connolly, Bove, Lodge & Hutz, Wilmington, DE, Mark A. Flagel, La-

tham & Watkins, Los Angeles, CA, for Steelcase, Inc.

Michael J. Hodge, Miller, Canfield, Paddock & Stone, Lansing, MI, Dale H. Thiel, Flynn, Thiel, Boutell & Tanis, Kalamazoo, MI, Adam R. Hess, Cushman, Darby & Cushman, Washington, DC, William K. West, Jr., Pillsbury, Madison & Sutro, L.L.P., Washington, DC, Stuart I. Friedman, Friedman, Wittenstein & Hochman, New York City, for Haworth, Inc.

Jon Marc Bylsma, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for Trendway Corporation.

Rock A. Wood, Dickinson, Wright, Moon, Van Dusen & Freeman, Grand Rapids, MI, for American Seating Co.

## OPINION

SCOVILLE, United States Magistrate Judge.

This is a patent infringement action. Plaintiff, Steelcase Inc., contends that defendant, Haworth, Inc., has willfully infringed three Steelcase patents covering office chairs. As a consequence of the allegedly willful infringement, Steelcase seeks enhanced damages pursuant to 35 U.S.C. § 284. In response to the claim for enhanced damages, Haworth has asserted its good-faith reliance on the advice of counsel. This court has already ruled that Haworth's assertion of the advice-of-counsel defense constitutes a waiver of the attorney-client privilege. (Case Management Order, docket # 134, ¶ 6(c)). Presently pending before the court is Steelcase's motion to compel plaintiff to produce certain documents, withheld on a claim of privilege, on the theory that Haworth has waived any privilege to withhold such documents from production. (Motion, docket # 163). Haworth has responded to the motion. The court determines that the motion presents a legal issue concerning the scope of waiver of attorney-client privilege, for which oral argument would not be helpful. *See* W.D.Mich.L.R. 28(d).

### Discussion

The legal dispute framed by the pending motion and response is limited in scope. The parties agree that good-faith reliance upon an opinion of counsel is relevant to rebutting the claim of willful infringement. They further agree that assertion of the advice-of-counsel defense operates as a waiver of otherwise applicable attorney-client privilege. The parties disagree, however, concerning the scope of the waiver. Steelcase advances an argument for a broad waiver, which would include not only communications between attorney and client, but also all documents relied upon by counsel in formulating the opinion. Furthermore, Steelcase asserts that any otherwise applicable work product privilege is also waived by assertion of the advice-of-counsel defense. By contrast, Haworth argues for a more narrow scope of waiver. Haworth contends that the waiver of privilege extends only to communications from and to counsel concerning the transaction for which counsel's advice was sought. On this basis, Haworth has withheld from production (as reflected on Haworth's Rule 26(b)(5) privilege log) numerous documents from counsel's files and has redacted portions of the documents produced. The legal issue for this court, therefore, is the scope of waiver of the attorney-client privilege when an alleged willful patent infringer asserts advice-of-counsel as a defense.

Because the substantive issues in this case are governed by federal patent law, all issues of privilege are governed by federal law as well. Fed.R.Evid. 501. Jurisdiction to determine appeals in this patent action is invested exclusively in the United States Court of Appeals for the Federal Circuit. 28 U.S.C. § 1295. The Federal Circuit has held, as a matter of policy, that discovery and other procedural issues not unique to patent cases should be decided pursuant to the law of the regional circuit where the district court sits. *Panduit Corp. v. All States Plastic Mfg. Co.,* 744 F.2d 1564, 1574–75 (Fed.Cir. 1984); *accord Nike, Inc. v. Wolverine World Wide, Inc.,* 43 F.3d 644, 648 (Fed.Cir.1994). Questions involving the scope of waiver of the attorney-client privilege in patent cases where willful infringement is an issue would appear to be unique to patent litigation. Consequently, this court will be guided by the decisions of the Federal Circuit and will

accord weight to district court opinions only to the extent that they faithfully reflect general principles laid down by the Federal Circuit.

■ The parties have not cited, and I have not found, any Federal Circuit authority directly addressing the discovery issue now before the court. The Federal Circuit has, however, provided substantial guidance concerning the general principles governing the advice-of-counsel defense. These general principles have a strong, although indirect, bearing upon this discovery dispute. According to Federal Circuit jurisprudence, the issue of willful infringement frames a question of fact, not a conclusion of law. *See Bott v. Four Star Corp.*, 807 F.2d 1567, 1572 (Fed.Cir.1986). Willfulness requires a determination as to the state of mind of the alleged infringer. *Ortho Pharmaceutical Corp. v. Smith*, 959 F.2d 936, 944 (Fed.Cir. 1992); *see also, Read Corp. v. Portec, Inc.*, 970 F.2d 816, 828 (Fed.Cir.1992). When a defendant asserts that it was relying upon advice of counsel, the court must examine "objective evidence" to determine whether the reliance was justifiable. *Id.* at 829. A recent decision of the Federal Circuit makes it clear that the court's inquiry must be focused principally upon counsel's opinion letter itself:

> Opinion letters should be reviewed to determine whether they evidence an adequate foundation based on a review of all necessary facts or whether they are conclusory on their face. "[C]ounsel's opinion must be thorough enough, as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed, or unenforceable." In considering the reasonableness of the accused infringer's reliance on an opinion of counsel, the opinion letter should be reviewed for its "overall tone, its discussion of case law, its analysis of the particular facts and its reference to inequitable conduct."

*Westvaco Corp. v. International Paper Co.*, 991 F.2d 735, 743–44 (Fed.Cir.1993) (citations omitted). "A written opinion may be incompetent on its face by reason of its containing merely conclusory statements without discussion of facts or obviously presenting only a superficial or off-the-cuff analysis." *Read*, 970 F.2d at 829.

■ Although the Federal Circuit cases do not directly answer the discovery question at issue here, they do clearly delineate the nature and scope of proofs at trial, which, in turn, provide substantial guidance concerning pretrial discovery. The Federal Circuit has made it clear that the infringer's intent, not that of counsel, is the relevant issue. *See Ortho Pharmaceutical Corp. v. Smith*, 959 F.2d at 944; *accord, Graco, Inc. v. Binks Mfg. Co.*, 60 F.3d 785, 793 (Fed.Cir.1995). More significantly, the Federal Circuit has held that the importance of the opinion of counsel "does not depend on its legal correctness." *Ortho*, 959 F.2d at 944; *see Graco*, 60 F.3d at 793 ("Whether or not an opinion was 'legally' correct is not the proper focus."). As the Court has observed, the question of willfulness arises "only where counsel was wrong." *Ortho*, 959 F.2d at 944. The issue is whether counsel's opinion was thorough enough, as combined with other factors, to instill a belief "in the infringer" that a court might reasonably hold the patent as invalid, not infringed, or unenforceable. *Id.* Consequently, the infringer's "intent and reasonable beliefs are the primary focus of a willful infringement inquiry." *Id.*

■ The foregoing opinions of the Federal Circuit persuade me that the scope of waiver of the attorney-client privilege must be broad enough to illuminate the issues found relevant by the Federal Circuit, but no broader. Certainly, a defendant asserting an advice-of-counsel defense must be deemed to have waived the privilege as to all communications between counsel and client concerning the subject matter of the opinion. Because of the centrality of the opinion letter itself under Federal Circuit analysis, the opinion must be produced in its entirety, without redaction. If the opinion happens to contain irrelevant information, production of that information is a consequence of defendant's decision to waive the privilege. Likewise, the privilege must be deemed waived concerning all documents in the client's hands that refer or relate to counsel's opinion or represent information relayed to counsel

as a basis for the opinion. Furthermore, the privilege is waived as to all information provided *by the client* to the attorney, regarding the subject matter of the opinion. In this regard, the scope of the waiver is "broad," to the extent that it is necessary to shed complete light upon the alleged infringer's state of mind. By the same token, the scope of the waiver appears narrow, as it pertains to the attorney's state of mind. Especially irrelevant is discovery addressed to the "legal correctness" of the opinion. *See Ortho,* 959 F.2d at 944.

The district courts have split on this issue. I find most persuasive the decision in *Thorn EMI North America, Inc. v. Micron Technology, Inc.,* 837 F.Supp. 616 (D.Del.1993), and the unpublished decision of Magistrate Judge Rowland of this court in *Haworth, Inc. v. Herman Miller, Inc.,* case no. 1:92cv 877 (W.D.Mich. Jan. 15, 1995) (attached as Exhibit 1 to defendant's brief, docket # 169). These decisions are persuasive because they decide the issue of scope of waiver in light of the substantive pronouncements of the Federal Circuit. The *Thorn EMI* decision, analyzing previous Federal Circuit cases, concluded that the "facts of consequence to the determination of a claim of willful infringement relate to the infringer's state of mind. Counsel's mental impressions, conclusions, opinions, or legal theories are not probative of that state of mind unless they have been communicated to that client." 837 F.Supp. at 621. Consequently, the *Thorn EMI* court refused to order production of attorney work product leading up to the opinion, unless it had been communicated to the client. The court pointedly rejected plaintiff's argument that it needed access to the work-product information in order to test and examine the competence of the attorney. The court found that the "actual competence" of the opinion was not a matter of consequence to the willful infringement issue. *Id.* This holding is in line with that of the Federal Circuit in *Ortho* and *Graco.* Likewise, Magistrate Judge Rowland's opinion is premised upon an extensive review of Federal Circuit authority and concludes that the waiver should be limited to communications between attorney and client and other documents bearing upon the client's state of mind. Judge Rowland spe-

cifically rejected discovery into the attorney's underlying work file, finding that it was not probative on the only relevant issue—the client's state of mind. For this reason, a far-reaching search of attorney's files was held unwarranted. (Slip op. at 5).

By contrast, several other district courts have concluded that discovery in these circumstances should include items known to or considered by counsel when the opinion was formulated. Foremost is *Mushroom Associates v. Monterey Mushrooms, Inc.,* 24 U.S.P.Q.2d 1767, 1992 WL 442892 (N.D.Cal. 1992); *accord, FMT Corp. v. Nissei ASB Co.,* 24 U.S.P.Q.2d 1073, 1992 WL 240688 (N.D.Ga.1992); *Handgards, Inc. v. Johnson & Johnson,* 413 F.Supp. 926 (N.D.Cal.1976). These cases indeed stand for the proposition that a defendant waiving the privilege by asserting an advice-of-counsel defense must produce not only attorney-client communications, but also "all documents relied upon or considered by counsel at the time and in conjunction with rendering that opinion." *FMT Corp.,* 24 U.S.P.Q.2d at 1074. I find this line of authority unpersuasive. Remarkably, these cases do not attempt to divine from Federal Circuit authority any controlling principle grounded in substantive patent law. In fact, these cases do not cite Federal Circuit authority at all, but rely upon district court opinions in patent cases or in general civil litigation. Furthermore, as Judge Rowland pointed out, the *Mushroom Associates* case is based upon faulty analysis, under which the attorney's state of mind, and not that of the client, becomes paramount. *See Haworth,* slip op. at 5.

■ Consequently, I conclude that the decisions in *Thorn EMI* and *Haworth v. Herman Miller* are more consistent with Federal Circuit authority and should be followed. By asserting advice-of-counsel as a defense to willful infringement, Haworth has waived the attorney-client privilege that would otherwise be applicable to communications between attorney and client concerning the subject matter, all documents referring to counsel's opinions, and all documents in the possession of Haworth bearing upon its state of mind. The waiver does not extend to attorney work product or documents upon which the attor-

ney relied, unless they were somehow disclosed to Haworth.

■ The consequences of the foregoing legal ruling must now be applied to the documents contained on Haworth's privilege log. Documents 1 through 3 are the opinion letters of attorney Thiel upon which Haworth relied. They have been heavily redacted, allegedly to omit irrelevant material. These opinion letters must be produced in their entirety. Likewise, document no. 4 (intra-company correspondence relating to counsel's opinion) has been heavily redacted. These documents bear directly upon Haworth's state of mind and are understandable only in their entirety. Since, under Federal Circuit law, an opinion's competence is principally judged upon the face of the opinion, the opinion cannot be redacted in any fashion.

■ Documents 40 and 41 are transmittal memos from counsel, from which the transmitted patents have been redacted. It is doubtful that the patents themselves (which are matters of public record) can ever be privileged. It is at least conceivable, however, that the transmittal of a patent by an attorney to the client may have some communicative element protectable by the attorney-client privilege. Even assuming so, the privilege is waived. Patents brought to Haworth's attention bear directly upon its state of mind. Documents 40 and 41 must therefore be produced in their entirety.

■ Haworth has withheld or has produced in redacted form internal notes, memos or correspondence with Mr. Thiel. The withholding or redactions were generally performed to eliminate reference to "unasserted patents" or discussion concerning the patentability of Haworth's own chair products. (Documents 12, 13, 39, 47, 55, 56, 58–62, 86, 101, 105). Other documents memorialize meetings with Mr. Thiel or at which Mr. Thiel's advice was discussed, but redacted or withheld to the extent that they did not relate specifically to the patents-in-suit. (Documents 34, 48, 49, 50, 51, 53, 54, 100). These redactions do not comport with Federal Circuit authority. This group of documents all come from the files of Haworth, not

its counsel. They bear directly on Haworth's state of mind. Haworth's assertion of the advice-of-counsel privilege constitutes a *subject-matter* waiver, not necessarily limited to the precise patents-in-suit. The willfulness inquiry takes into account "the totality the surrounding circumstances," *Graco,* 60 F.3d at 792, including everything known to the alleged infringer. Advice concerning unasserted, but related, patents falls within this purview, as does discussion of the novelty and patentability of the accused devices. As these documents may bear directly on Haworth's state of mind, they are subject to production.

■ By contrast, Steelcase is not entitled to certain attorney work product. Documents 22, 23, 26–28, 30–32, 88–98, 104, and 111–113 are correspondence between attorney Thiel and third parties to obtain copies of patents or prosecution history. As pointed out in the *Thorn EMI* case, such documents are irrelevant, in the absence of evidence that they were communicated to the client. Likewise, the attorney's handwritten notes (document nos. 24, 25, 29, 33, 87, 99, 102, 103, 106–110) and other contents of the attorney's files are not discoverable, in the absence of proof that they were disclosed to the client. Steelcase is not entitled to "audit" attorney Thiel's opinion to determine whether it was actually correct. Rather, the issue is the opinion's reasonableness within its four corners, in light of everything else that Haworth knew. Documents relating only to what the attorney knew are irrelevant to this undertaking.

An order will therefore enter granting Steelcase's motion to compel in part and denying it in part.