**CORDIS CORPORATION, Plaintiff,**

v.

**SCiMED LIFE SYSTEMS, INC.,Defendant.**

**No. Civ. 4–96–261 (JRT/RLE).**

United States District Court,
D. Minnesota,
Fourth Division.

July 31, 1997.

---

Chris Lind, David Berten, Mary Moore, Chicago, IL, for Plaintiff.

Dominic E. Massa, Boston, MA, for Defendant.

## MEMORANDUM ORDER

ERICKSON, United States Magistrate Judge.

On July 17, 1997, the Court heard argument on the Plaintiff's Motion to Compel the Defendant to produce certain documents, which relate to the Defendant's defense to the Plaintiff's willfulness claim, and which the Defendant contends are protected by the attorney/client, and work-product privileges. At the time of the Hearing, the Plaintiff appeared by Chris Lind, David Berten, and Mary Moore, Esqs., and the Defendant appeared by Dominic E. Massa, Esq. For reasons which follow, we grant, in part, the Plaintiff's Motion.

The Plaintiff contends that, knowing of the existence of its patent, the Defendant willfully infringed its claims. In turn, the Defen-

dant denies any infringement, and contends that it relied, in good faith, upon the legal opinions of Vidas, Arrett & Steinkraus ("VAS"), that it was not guilty of infringement. Given this admitted reliance, the Plaintiff contends that the Defendant has waived any attorney/client or work-product privileges, which would otherwise attach to the Defendant's relationship with VAS, while the Defendant contends that these privileges remain operative, except as to the opinion letters of VAS, and as to a number of documents that the Defendant has voluntarily furnished to the Plaintiff. Notably, neither the subject opinion letters, nor a synopsis of the documents, which the Defendant has voluntarily produced, have been presented for our review. The Plaintiff now requests that the Defendant be directed to produce all of the files of VAS, as they relate to the opinion letters which VAS has presented to the Defendant. We conclude that the Plaintiff is entitled to some, but not all of the materials, which it has sought from VAS.

█ In so concluding, we accept, as an accurate statement of the law, that "[w]hether infringement is 'willful' is by definition a question of the infringer's intent." *Ortho Pharmaceutical Corp. v. Smith,* 959 F.2d 936, 944 (Fed.Cir.1992), citing *Gustafson, Inc. v. Intersystems Indus. Prods.,* 897 F.2d 508, 510 (Fed.Cir.1990), and *King Instrument Corp. v. Otari Corp.,* 767 F.2d 853, 867 (Fed.Cir.1985), cert. denied, 475 U.S. 1016, 106 S.Ct. 1197, 89 L.Ed.2d 312 (1986). As emphasized by the Defendant, such controlling precedent focuses, necessarily, upon whether the infringer reasonably believes that it was not engaged in infringing activities. The rule has been synopsized, as follows:

> While an opinion of counsel letter is an important factor in determining the willfulness of infringement, its importance does not depend upon its legal correctness. Indeed, the question arises only where counsel was wrong. Rather, counsel's opinion must be thorough enough, as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed or unenforceable. * * * Thus, [the infring-

er's] intent and reasonable beliefs are the primary focus of a willful infringement inquiry.

*Ortho Pharmaceutical Corp. v. Smith,* supra at 944, citing *Stickle v. Heublein, Inc.,* 716 F.2d 1550, 1565 (Fed.Cir.1983) ("The court must determine * * * that the infringer had no reasonable basis for believing that it had a right to do the acts.").

In addition, the Defendant opposes the production, that the Plaintiff requests, by noting the following general proposition, which is well established in the Federal Circuit:

> In *Read Corp. v. Portec, Inc.,* 970 F.2d 816, 829, 23 U.S.P.Q.2d 1426, 1437 (Fed.Cir.), reh'g in banc denied, (1992), this court stated that "objective evidence" must be considered to determine whether a defendant was justified in relying on patent counsel's advice, i.e., whether the patent counsel's opinion was competent. Opinion letters should be reviewed to determine whether they evidence an adequate foundation based on a review of all necessary facts or whether they are conclusory on their face. · * * * "[C]ounsel's opinion must be thorough enough, as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed, or unenforceable." * * * In considering the reasonableness of the accused infringer's reliance on an opinion of counsel, the opinion letter should be reviewed for its "overall tone, it's discussion of case law, its analysis of the particular facts and its reference to equitable conduct."

*Westvaco Corp. v. International Paper Co.,* 991 F.2d 735, 743–44 (Fed.Cir.1993).

Somewhat myopically, the Defendant interprets these authorities as holding that the opinion of patent counsel should be viewed, facially, for validity and, if that review, as constrained by the four-corners of the opinion letter, should appear reasonably competent, then a viable, good faith defense has been presented.

The Defendant's argument is not without legal authority, for the Defendant has heavily relied upon *Steelcase Inc. v. Haworth,* 954 F.Supp. 1195, 1199 (W.D.Mich.1997), and *Thorn EMI North America, Inc. v. Micron*

*Technology, Inc.,* 837 F.Supp. 616, 621 (D.Del.1993), for the proposition that its attorney/client, and work-product privileges, have only been waived as to those documents which have been disclosed, by VAS, to it. Although we agree with the Defendant's reading of *Steelcase* and *Thorn,* we are not persuaded that either decision properly resolves the issue before us. Rather, we believe the rule expressed by these Courts is both impractical, and fundamentally unsound.

 Our analysis commences on common ground, for we accept, as the Court did, in *Thorn,* the following standard of review:

> In determining whether or not an infringer's reliance on an opinion of counsel was reasonable, courts have found it relevant to look to when the infringer sought counsel's advise (before or after commencing the infringing activities); the infringer's knowledge of the attorney's independence, skill and competence; the infringer's knowledge of the nature and extent of analysis performed by counsel in providing the opinion; and whether the opinion contains sufficient internal indicia of credibility, including a validity analysis that compares and contrasts the potentially infringing method or apparatus with the patented inventions.

*Thorn EMI North America, Inc. v. Micron Technology, Inc.,* supra at 620.

Nevertheless, we find no rational basis to conclude that, when patent counsel's opinion is premised upon assumed, or asserted facts, that the factual premises are immune from appropriate inquiry. Here, apparently, VAS commissioned the conduct of certain experiments, by one or more consultants, which have produced results that VAS has relied upon in forming its legal opinion. To suggest, as the Defendant does here, that the Plaintiff must accept the validity of those experimental results for, to disclose the same would breach the Defendant's legal privileges, is farcical.

We can accept that an inventor, who seeks legal counsel so as to exercise due care in respecting the patent rights of a competitor, might not be fully qualified, in the ordinary course of events, to appraise the validity of his patent attorney's legal reasoning, but we cannot accept that the inventor would be similarly unqualified to assess the validity of the factual premises upon which his patent counsel has framed his legal opinion, or that he would be permitted *carte blanche* to accept any factual predicate without question. Of course, "[i]t is well settled that a potential infringer having actual notice of another's patent has an affirmative duty of due care that normally requires the potential infringer to obtain competent legal advice before infringing or continuing to infringe." *Minnesota Mining & Mfg. v. Johnson & Johnson Orthopaedics, Inc.,* 976 F.2d 1559, 1580 (Fed. Cir.1992). "The emphasis here must be on 'competent' legal advice." *Id.*

 As recently expressed by the Court of Appeals for the Federal Circuit:

> The competency requirement applies to both the qualifications of the person giving the opinion and to the content of the opinion itself. * * * To reasonably rely on an opinion, it must be authoritative, not just conclusory, and objective. * * * If infringers could rely on any opinion to defeat willful infringement, no matter how incompetent, insulation from increased damages would be complete.

*Jurgens v. CBK, Ltd.,* 80 F.3d 1566, 1572 (Fed.Cir.1996). Given the emphasis on "competency," as revealed by "objective" evidence, we believe that a rigorous examination of the factual predicates for an opinion of patent counsel, in defense of a claim of willfulness, is essential. To conclude otherwise, would be to effectively insulate the potential infringer from increased damages.

Our conclusion, in this respect, is fortified by the unavoidable truth that "[w]illfulness is a question of fact and involves a determination as to an infringer's state of mind," inclusive of the elements of intent, reasonableness, and belief. See, *Century Wrecker Corp. v. E.R. Buske Mfg. Co., Inc.,* 913 F.Supp. 1256, 1271 (N.D.Iowa 1996), citing *Pall Corp. v. Micron Separations, Inc.,* 66 F.3d 1211, 1221 (Fed.Cir.1995), cert. denied, —— U.S. ——, 117 S.Ct. 1243, 137 L.Ed.2d 326 (1997); *Graco, Inc. v. Binks Mfg., Co.,* 60 F.3d 785, 792 (Fed.Cir.1995). "In addition, willfulness must be established

by clear and convincing evidence," *Id.;* and requires an evaluation of "the totality of the surrounding circumstances." *Graco, Inc. v. Binks Mfg. Co.,* supra at 792. As such, "[a] critical factor in evaluating the effect of an opinion of counsel on willfulness is the reasonableness of a party's reliance thereon." *Id.* at 793. Ultimately, "counsel's opinion must be thorough enough, as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed, or unenforceable." *Id.,* quoting *Ortho Pharmaceutical Corp. v. Smith,* supra at 944; see also, *Ryco, Inc. v. Ag–Bag Corp.,* 857 F.2d 1418, 1428 (Fed.Cir.1988) ("The test is whether, under all of the circumstances, a reasonable person would prudently conduct himself with any confidence that a court might hold the patent invalid or not infringed.").

■ Given these authorities, and a realistic assessment of the Plaintiff's required proofs, we conclude that the Plaintiff may properly discover the work papers of VAS insofar as they relate to the garnering of factual bases for the opinions that are expressed in the firm's letter opinions to the Defendant. Included, within this scope of discovery, are the protocols for any experiments that were conducted at the instance of VAS, or which otherwise formed a basis for the opinions expressed, and the results that were reached. The communications between VAS and any consultative experts are open to discovery, whether or not any of these documents were shared with any of the representatives of the Defendant. Absent such discovery, we are persuaded that the Plaintiff will, at the outset, be effectively precluded from exploring the propriety of its willfulness claim. In sum, contrary to the view expressed by the Courts, in *Thorn* and *Steelcase,* the operative factor is *not* whether the underlying factual information had been shared with the Defendant, but whether that information either served, or should have served, as a factual predicate for counsel's opinion to the Defendant.[1]

■ On the other hand, we see no prospect for the development of evidence, which would be relevant to the willfulness inquiry, by allowing the Plaintiff to peruse the legal research, and preliminary drafts of the opinion letters, that were ultimately transmitted to VAS, unless those drafts were reviewed, and/or edited by the employees or agents of the Defendant. In our view, the capacity of the Plaintiff to appraise the competency of VAS's interpretation of the governing law is not dependent upon any intrusion into VAS's legal research papers, or intra-firm discussion drafts. Accordingly, VAS is not required to divulge such papers, except to the extent that they have been shared with the Defendant.

Not surprisingly, the demarcation we have drawn, between that which is discoverable, and that which is not, is driven by whether the evidence at issue is "objective"—and, therefore, discoverable—or "subjective"— and therefore protected—in its character. While this differentiation will not, in every conceivable respect, produce a "bright-line" result, we think that the distinction we have marked is both practical, and consonant with the governing legal authorities. As the Court stated, in *Read Corp. v. Portec, Inc.,* supra at 829:

> Those cases where willful infringement is found despite the presence of an opinion of counsel generally involve situations where opinion of counsel was either ignored or found to be incompetent. \* \* \* This precedent does not mean a client must itself be able to evaluate the legal competence of its attorney's advice to avoid a finding of willfulness. The client would not need the attorney's advice at all in that event. That an opinion is "incompetent" must be shown

---

1. Lest there be any doubt on this score, we believe that the results of any experimentation, or other factual development, which might otherwise have been incorporated within VAS's opinion, but for the fact that the results of that experimentation, or the effect of the facts so gathered, were inconsistent with the opinion expressed by VAS, should be produced to the Plaintiff. To conclude otherwise would allow the cre-

ation of an opinion of patent counsel which, while facially valid, was fraught with ineptitude, and error. Although it may well be that such an incompetent expression of opinion would, nonetheless, satisfy the "good faith" reliance test, we doubt that the law would intend, however inadvertently, to reward incompetence, or willful artifice, by insulating such opinions from searching scrutiny.

by objective evidence. For example, an attorney may not have looked into the necessary facts, and, thus, there would be no foundation for his opinion.

Of course, in directing the disclosure of the documents of VAS, that we have, we express no opinion as to their admissibility at Trial.[2]

NOW, THEREFORE, It is—

ORDERED:

That the Motion of the Plaintiff to Compel Production of Documents [Docket No. 48] is GRANTED to the extent allowed in the text of this Order.

2. Given the voluntary disclosure of certain of VAS's information, we have not attempted to separately address the peripheries of either the attorney/client, or the work-product privileges. Suffice it to say here, that either privilege is intended to be a shield, and not a sword. If the Defendant was entitled to advance a "patent attorney opinion" defense, which was inscrutably immune from discovery, then a willfulness claim would be purely chimerical—a result that is at odds with the prevailing law. Lastly, the boundary of discovery, that we here have limned, is wholly consistent with the "substantial need," and the "undue hardship" requirements, that have been enunciated in Rule 26(b)(3), Federal Rules of Civil Procedure.